ANDREW DEGNAN *vs.* RHODE ISLAND MUTUAL LIABILITY INSURANCE CO.

MAY 27, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence. The case is here on the plaintiff's exception to the action of the trial justice in directing a verdict for the defendant.

The plaintiff was injured by a taxicab owned and operated by the Luxor Cab Inc. which was insured by a policy issued by the defendant. Thereafter the Luxor Cab Inc. sold its taxicabs and went out of business. The sheriff returned the plaintiff's writ against the Luxor Cab Inc. with the return *non est inventus*, and thereupon, the plaintiff, relying upon Section 7, Chap. 258, G. L., 1923, brought this action directly against the insurer.

Said section provides in part as follows: "Every policy hereafter written insuring against liability for property damage or personal injuries or both . . . shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay him the amount of damages for which such insured is liable. Such injured party . . . shall not join the insurer as a defendant. If, however, the officer serving any process against the insured

shall return said process '*non est inventus*,' the said injured party . . . may proceed directly against the insurer . . . All policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all provisions of such policies inconsistent herewith shall be void."

Said section required that all policies insuring against "liability" contain a clause for the benefit of the injured party. In *Anderson* v. *Am. Auto. Ins. Co.*, 50 R. I. 502, it was pointed out that there is a distinction between liability insurance and indemnity insurance and that said section gives no right to an injured party to proceed in any circumstances, directly against the insurer, if the insured's policy is one of indemnity. The question therefore is whether the policy issued by the defendant to the Luxor Cab Inc. was a liability policy as distinguished from an indemnity policy. The answer depends upon the intention of the parties thereto as expressed by the terms of their written agreement that is, the policy.

The policy provides that the defendant "Hereby Agrees . . . To Indemnify the named insured by reason of liability imposed upon him by law . . . against loss arising from claims for (a) damages suffered . . . as the result of bodily injuries" or damages to property. Clauses F. and G. provide when suit may be brought against the insurer. Clause F. is as follows: "No action shall lie against the company to recover for any loss under this policy unless brought within two years after the amount of such loss is made certain either by judgment against the insured after final determination of the litigation or by agreement between the parties with the written consent of the company; but this limitation shall not be deemed to extend a shorter, applicable statutory limitation, if any." Clause G. provides that if because of bankruptcy or insolvency an execution on a judgment in favor of the injured person or his representative, for damages against the insured is returned unsatisfied, said person or his representative may maintain

an action against the insurer, "subject to the terms of this policy, for the amount of such judgment not exceeding the amount of this policy."

It is clear from the provisions of the policy, which are unambiguous, that it is one of indemnity and not a policy insuring against liability, therefore, the provisions of said section 7 do not apply. It is also clear from clauses F. and G. of the policy that by the terms thereof no action can be brought on the policy against the insurer until after judgment has been entered against the insured; the defendant has a right to defend against the plaintiff's claim in a suit brought against the insured instead of in a suit directly against the defendant.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Augustine H. Downing, Charles A. Kiernan,* for plaintiff.
*William A. Needham,* for defendant.