COLUMBIAN NATIONAL LIFE INSURANCE CO. *vs.* INDUSTRIAL TRUST CO. *et al.*

JUNE 14, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. Complainant, a Massachusetts life insurance company, by its bill in equity filed July 22, 1932, seeks the cancellation of a contract for the reinstatement of a policy of life insurance which it issued upon the life of one Timothy V. Wholey, late of Providence, now deceased. His widow, Elizabeth V. Wholey, the beneficiary of the policy and the executrix of his estate, and the Industrial Trust Co.,

assignee of the policy, are the respondents. Elizabeth V. Wholey demurred to the bill and the trust company moved for its dismissal.

The facts alleged in the bill and admitted by demurrer are as follows: Mr. Wholey died May 3, 1932, from angina pectoris and myocarditis. The proofs of death filed with complainant included a statement by the attending physician that the disease of which Wholey died was first recognized and treated by this physician about December 15, 1931, and also contains a statement by his widow that his health first became affected in December, 1931. The information from the proofs of death was the first knowledge complainant had that Wholey was not in sound health at the time of the reinstatement of his policy on January 15, 1932. Complainant investigated and learned that in December, 1931, Wholey had an attack of angina pectoris accompanied by severe painful sensation extending from the shoulder down the arm and the hand and that he had remained in bed on this account for more than a week.

The original policy was issued in July, 1925, when Wholey was 50 years of age. It provided for the payment of annual premiums until thirty-five payments should have been made, or the prior death of the insured, and that "This policy shall be incontestable after one year from date of issue except for non-payment of premium, subject, however, in case of misstatement of age to an adjustment of the insurance proportionate to the premiums at the true age."

The policy lapsed in October, 1931, upon default in a payment of the annual premium. November 12, 1931, Wholey made a written application for the reinstatement of the policy in which he answered certain questions to the effect that he had not been ill or consulted a physician since he was last examined for the company (in June, 1925) and that he was then in sound health. In the application he warranted each of the answers to be complete and true and agreed they should, with certain other agreements, be taken as a basis for reinstatement of the policy, and that any

untrue statement made therein should operate to limit the liability of the complainant to the paid-up insurance value and a return of premiums paid in connection with the reinstatement; he also agreed that the policy should not be considered reinstated or in force by reason of any cash paid or settlement made until formal approval should be given at the home office of the complainant in Boston.

Complainant caused him to be examined by a physician, who recommended acceptance of the risk except for overweight. Before complainant agreed to the reinstatement of the policy, Wholey paid to complainant the amount of a note, which was due October 24, 1931, and, on November 10, 1931, paid part but not all of a premium note which was due on that date. But between November 10, 1931, and January 15, 1932, he made no payment of any kind to the complainant on account of the policy. The payments made in October and November, 1931, were accepted by the company conditionally and subject to the agreement that the policy should not be considered reinstated by reason of such payments until formal acceptance of the application for reinstatement should be given by the home office at Boston.

Complainant on December 11, 1931, notified Wholey that it would be willing to reinstate the policy if he would agree to pay an additional premium according to what was known as "Table D rating", this condition being imposed in view of the fact that Wholey had an elevated blood pressure and that his weight had been reduced by dieting from 216 to 180 pounds. Wholey did not agree to pay this additional premium until January 7, 1932, after he had had the attack of angina pectoris; then he agreed to pay it but said nothing of the material change in his health since he had applied for reinstatement. On January 15, 1932, he paid the complainant, partly in cash and partly in notes, the amount of the new premium required to reinstate the policy which was 80% more than the old premium. Complainant in ignorance of the facts above mentioned accepted these pay-

ments at Boston, January 15, and gave its formal approval to the application for reinstatement. If the facts had been known to the complainant it would not have accepted the cash and notes from Wholey and would not have reinstated the policy.

In its bill the company offers to pay the paid-up value of the insurance policy and the amount of cash which Wholey paid to the complainant in connection with reinstatement, with interest to the date of the filing of the bill.

The demurrer to the bill is based on the ground that Wholey's illness and his failure to disclose it were immaterial and constituted no defense to a recovery under the policy.

The Industrial Trust Co. filed an answer admitting many of the allegations of the bill but denying others, including the allegations that Wholey had an attack of angina pectoris which disease later caused his death. The answer also alleged that between the time of the filing of the bill and the time of the filing of the answer, Elizabeth V. Wholey, as trustee for the benefit of the Industrial Trust Co., brought an action at law on the policy in the Superior Court against the complainant and that by reason thereof the complainant had an adequate remedy at law. The answer prayed for a dismissal of the bill and also that defendant trust company have the benefit of the further allegations above described in regard to the action at law as if they were set forth in a cross-bill, and that, if the court did not dismiss the bill of complaint, complainant might be directed by decree to pay it the commuted value of the insurance or monthly installments, with deduction for the indebtedness, and also contained a prayer for other and further relief.

Complainant filed a replication and answer to so much of the answer of the Industrial Trust Co. as was in the nature of a cross-bill, in which it denied certain allegations of the cross-bill but admitted the pendency of the action at law. The Industrial Trust Co. filed a motion to dismiss the bill of complaint on the ground that the issue in this

case might be raised in the law action and that it was one which, under the statute, must be determined by a jury. After a hearing on this motion and on the demurrer, the demurrer was sustained and the motion to dismiss the bill was granted.

The cause is here on complainant's appeal from the decrees sustaining the demurrer and granting the motion to dismiss the bill. Complainant contends that because of Wholey's failure to make disclosure of his disease, it is entitled to rescind the contract for reinstatement of the policy. The questions raised are: (1) Is the reinstatement of the policy voidable? (2) Has equity jurisdiction to cancel the reinstatement?

The policy lapsed in October, 1931. Wholey's application in November for reinstatement of the policy was not agreed to by the insurer. It is plain that the insured could not have compelled the insurer to reinstate him on the terms of the old policy nor did he ever assert a right to do so. He had changed from a standard to a substandard risk. To again secure insurance he was required to pay an additional premium established for a different class of risk. On January 7, 1932 he offered to pay the additional premium. He paid it on January 15 and on that date the contract of insurance was made when the insurer accepted his offer at its home office in Boston and affixed a rider to the policy containing the terms of the new agreement. The terms of the contract of reinstatement were not fixed by the old policy but were the result of negotiations between the parties.

The last act essential to the meeting of the minds of the parties was done in Boston and the contract as thus appears was made in Massachusetts. *Lincoln National Life Ins. Co.* v. *Hammer*, 41 Fed. (2nd) 12; *Kansas City Life Ins. Co.* v. *Phillips*, 31 Ariz. 122; *Osterhoudt* v. *Prudential Ins. Co.*, 136 N. Y. App. Div. 123. As the contract for reinstatement was made by a Massachusetts corporation in Massachusetts, the validity and the construction of the contract are to be

determined by the law of that State. *Leonard* v. *State Mutual Life Assurance Co.*, 27 R. I. 121; *Peckham for an Opinion*, 29 R. I. 250.

The provision in the rider that the additional premium on the new rating should become effective December 8, 1931, had no effect on the time when the contract was made. This is not a case where there has been a waiver of defense by the insurer for the failure to pay a premium. The offer to insure Wholey on a new basis was made on the assumption that the facts were as they were stated to be in the application. The representations made therein were continuing representations by the insured. *McKenzie* v. *Northwestern Mutual Life Ins. Co.*, 26 Ga. App. 225; *Equitable Life Assurance Soc.* v. *McElroy*, 83 Fed. 631; *Goldstein* v. *N. Y. Life Ins. Co.*, 176 N. Y. App. Div. 813. There was a duty on the part of Wholey to disclose any material change in the condition of his health occurring between the time when he made his application for reinstatement and the time of the acceptance of the risk by the insurer.

In the case of *Stipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S. 311, (decided in 1928) the action was brought by plaintiff, the beneficiary in a policy of life insurance, against defendant which had insured the life of her husband. The insured, after applying for the insurance, had suffered a recurrence of a duodenal ulcer, which later caused his death, and he failed to reveal this information to the insurer. It was held that, as insurance policies are contracts *uberrimae fidei*, a failure by the insured to disclose to the insurer changes of health materially affecting the risk, which come to the knowledge of the insured after the application is made and before the contract of insurance is made, make the contract voidable at the insurer's option; that the obligation to make such disclosure is one imposed by law as a result of the relationship assumed by the parties and because of the peculiar character of the insurance contract. The court said: "If, while the company deliberates, he discovers facts which make portions of his application no longer true,

the most elementary spirit of fair dealing would seem to require him to make a full disclosure."

In the instant case, the failure of Wholey to disclose his illness and the securing by him of a reinstatement of his insurance by the concealment of his illness was fraud. If Wholey had been in a dying condition when the contract was accepted by the insurer, it does not seem—either on principle or authority—that the insurer would be bound by the contract. See *Piedmont & Arlington Life Ins. Co. v. Ewing, Admr.*, 92 U. S. 377. The insurer may avoid the effect of a reinstatement by showing that it was procured by fraud or unfair means. 32 C. J. p. 1357, and cases cited.

As already stated, the reinstatement of insurance was in reality a new contract. The terms of this contract are to be gathered from those which are relevant in the original policy and the additional provisions of the rider attached thereto. We think the incontestability clause, which is inserted for the benefit of the insured, can properly be held to apply also to the reinstatement contract and to be operative for a period of one year from the date of the reinstatement. Complainant does not question this interpretation of the contract.

The contention of the respondents, that Section 12 of Chapter 1757, P. L. 1931, makes the issue of misrepresentation a question for a jury and one which a court of equity can not decide, cannot be sustained. This statute provides that: "No misstatement made in procuring a policy of life insurance shall be deemed material or render the policy void unless the matter thus represented shall have actually contributed to the contingency or event on which the policy is to become due and payable; and whether the matter so represented contributed to said contingency or event, in any case, shall be a question for the jury." This statute applies only to contracts made in this State and has no extra-territorial effect. *Coderre* v. *Travelers Ins. Co.*, 48 R. I. 152; *Leonard* v. *State Mutual Life Assurance Co.*, supra.

In Massachusetts a statute similar to our statute has been held not to apply to applications for the reinstatement of lapsed policies. *Clark* v. *Mutual Life Ins. Co.*, 251 Mass. 1.

The issue (fraud) is one over which equity and law have concurrent jurisdiction. The rule is general that a court of equity which has first properly taken jurisdiction of a cause can not be ousted of its jurisdiction by a subsequent proceeding at law for the reason that the latter tribunal also has jurisdiction. *Gainty* v. *Russell*, 40 Conn. 450; *Byrne* v. *Brown*, 40 Fla. 109; *Nash* v. *McCathern*, 183 Mass. 345; *Lincoln National Life Ins. Co.* v. *Hammer, supra*. In cases of concurrent jurisdiction the tribunal which first acquires jurisdiction of the subject-matter may, in its discretion, proceed to a final disposition of the case.

For the reasons stated, we hold that this reinstatement contract was voidable at the option of the insurer and that equity has jurisdiction of the cause.

The appeal of the complainant is sustained, the decrees appealed from are reversed and the cause is remanded to the Superior Court for further proceedings.

*Claude R. Branch, F. H. Nash, Richard Wait,* for complainant.

*John P. Beagan,* for respondent Wholey. *Comstock & Canning, Andrew P. Quinn,* for Industrial Trust Co.