## MARTIN v. ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited.

### No. 2763.

District Court, D. Rhode Island.

Nov. 27, 1935.

William A. Gunning, of Providence, R. I., for plaintiff.

Hoyt W. Lark, of Providence, R. I., for defendant.

MAHONEY, District Judge.

The above-entitled cause is an action at law brought by the plaintiff, a citizen of Rhode Island, against the defendant, a foreign corporation. After entry in the state court, it was removed to this court on the grounds of diversity of citizenship.

The declaration alleges that the plaintiff sustained personal injuries as a result of a fire ocurring on November 1, 1933, at the oil and gasoline plant of New England Terminal Company, through the negligence of Graver Tank & Manufacturing Corporation, while it was erecting an oil tank at the scene of the fire. The declaration further alleges that the Graver Tank & Manufacturing Corporation is an Indiana corporation and had not qualified to do business in the state of Rhode Island. It alleges that the plaintiff has attempted to make service of the writ upon the Graver Tank & Manufacturing Corporation, but that, said corporation being without the state, no service of the writ could be made upon it, and the sheriff has made on said writ a return that he has been unable to find the "within named defendant corporation" within his precinct.

It is further alleged in the plaintiff's declaration that on the date of said fire, as a result of which the plaintiff sustained the personal injuries aforesaid, there was in force an insurance policy issued by the defendant insurance company to the said Graver Tank & Manufacturing Corporation, by the terms of which said Graver Tank & Manufacturing Corporation was insured against loss from the liability imposed by law upon it, for damages arising from injury to persons or property suffered by any person through the act of said Graver Tank & Manufacturing Corporation, and that said policy of insurance is subject to the provisions of chapter 258, section 7, General Laws of Rhode Island 1923. Wherefore the plaintiff has brought his suit against the defendant insurance company by virtue of the said statute of said state.

To the declaration the defendant has filed pleas in bar, in the first of which it is averred that the contract is not a Rhode Island contract; and in the second, that the contract is not within the provisions of section 7 of chapter 258 of the General Laws of Rhode Island 1923.

To these pleas the plaintiff has demurred.

At the time of the hearing upon the demurrer it was stipulated and agreed between the parties that an amended declaration be filed; that the pleas in bar which said defendant filed to the original declaration stand as defendant's pleas to the plaintiff's amended declaration; and that the plaintiff's demurrer to the defendant's pleas filed be considered as a demurrer to the pleas to the amended declaration. The hearing proceeded upon the demurrer and the question is now upon the demurrer.

The defendant's first plea in bar avers that the defendant, Zurich General Accident & Liability Insurance Company, Limited, organized and existing under the laws of the republic of Switzerland, a corporation, entered into, executed, and delivered a policy of insurance in writing with the Graver Tank & Manufacturing Corporation, a corporation organized and existing under the laws of the commonwealth of Indiana, in Chicago, Ill., on October 9, 1933, wherein the said Graver Tank & Manufacturing Corporation was insured in accordance with its terms, in any state or states of the United States, and particularly in, among others, the state of Rhode Island, from the first day of October, 1933, to the last day of October, 1934; that, prior to the execution and delivery of said policy, said defendant obtained and received from its resident agents in the various states specified in said contract, a resident agent countersignature indorsement of said policy, in order to comply with the resident agency laws of said states, which indorsements were attached to the original policy by the defendant prior to the execution and delivery as aforesaid.

█ The contract of insurance was not made in Rhode Island. The policy itself, upon examination, shows that it was countersigned by defendant's authorized agent at Chicago, Ill., on the 9th day of October, 1933. It was delivered, as shown by the pleas, in Chicago, Ill. Until the Illinois resident agent's countersignature had been affixed to the policy and the last act necessary had been done, there was no contract in existence, and the actual contract was not completed. The language of the last paragraph of the policy recites how it is to become binding, namely: "In Witness Whereof, the Company has caused this policy to be signed by its Manager and Attorney for the United States, but the same shall not be binding upon the Com-

pany unless countersigned under the Declarations by a duly authorized agent or underwriter of the Company." And the countersignature is found on the first page, wherein it is set forth that it is countersigned at Chicago, Ill., on the 9th day of October, 1933.

The last act necessary to the validity of the contract of insurance was done in Chicago, Ill., and upon the law and the authorities this makes it an Illinois contract. Columbian Nat. Life Ins. Co. v. Industrial Trust Co., 53 R.I. 334, 339, 166 A. 809 (1933).

█ It is argued that the policy is a Rhode Island policy because it is not complete and effective until it bears the countersignature of the Rhode Island agent, in accordance with the provisions of section 6 of chapter 256 of the General Laws of Rhode Island 1923, as amended by chapter 1218 of the Public Laws of 1928.

In answer thereto it is sufficient to say that the agent of a company acting within the state of Rhode Island in violation of said statute is subject to a penalty, but an action by him in violation of the statute does not make the contract invalid. The Illinois contract is in full force and effect. Fliger v. Penn Fire Ins. Co., 48 R.I. 274, 137 A. 470.

█ Defendant's second plea in bar avers that the policy of insurance in the instant case is an indemnity policy of insurance and not a liability policy of insurance, and it was not written or issued subject to the provisions of section 7 of chapter 258 of the General Laws of Rhode Island 1923, or in any way subject to the provisions of any statute of the state of Rhode Island. The contract of insurance, being an Illinois contract, is to be interpreted in accordance with the laws of Illinois, and is not subject to the provisions of section 7 of chapter 258 of the General Laws of Rhode Island 1923. If the policy of insurance were held to be a Rhode Island contract, it would not come within the provisions of said section 7, chapter 258. It is set forth in "Agreement I—Damages" of the policy that it is "to Insure the Employer against loss from the liability imposed by law upon the Employer for damages, including damages allowed for loss of service."

Clause G is as follows: "G. No action for the insurance against loss provided for in Agreement I of this policy shall lie

against the Company until the loss is made certain either by judgment against the Employer after final termination of the litigation or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years after the date of such judgment or agreement. No action to recover under any other Agreement shall lie against the Company, unless brought within twelve months after the cause of action accrues."

Clause GG provides: "GG. The insolvency or bankruptcy of the Employer shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the term of this policy. In case any person or the legal representatives of any person shall obtain a final judgment against the Employer because of any such injuries or loss as are covered by this policy the judgment creditor may proceed against the Company subject to the conditions of this policy to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto."

While in this policy, under agreement I, the language is "to insure" and in other policies the language is "to indemnify," it is clear on interpretation of the policy as a whole that the words "insure" and "indemnify" are identical. U. S. Fidelity & Guaranty Co. v. Williams, 148 Md. 289, 129 A. 660 (1925).

The "no action" clause under "G" in this policy positively recites that no such action shall lie against the defendant "until the loss is made certain either by judgment against the insured after final termination of the litigation or by agreement between the parties with the written consent of the Company."

Under "Rights of Judgment Creditors," clause GG as above recited, the defendant agrees that an action may be maintained against it by the injured party where a judgment against insured is uncollectible by reason of the fact of the insured's insolvency or bankruptcy.

From a recital and study of the provisions of the policy it is clear that the policy is one of indemnity and not one against liability.

Section 7 of chapter 258 of the General Laws of Rhode Island 1923 does not apply to this type of policy. Degnan v. R. I. Mutual Liability Ins. Co., 51 R.I. 366, 154 A. 912, 83 A.L.R. 671.

It has been argued by counsel for the plaintiff that the decisions of the Supreme Court of the state of Rhode Island bearing upon policies of indemnity and of liability are in such a state of confusion that it is difficult to distinguish the various policies, and each calls for a decision by itself, and, where such a confusion exists in the decisions of the state court, the federal court is then called upon to make its own decision in accordance with the law and authorities.

This court finds no such confusion in the decisions of the Supreme Court of the state of Rhode Island, and is bound by the authorities as he finds them.

The demurrer to the first and second plea is overruled and the pleas sustained.