MARIE LOUISE CODERRE *vs.* TRAVELERS INSURANCE CO.

NELSON CODERRE *vs.* SAME.

MARIE GARSEAU *vs.* SAME.

FEBRUARY 25, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Barrows, JJ.

*(1)   Liability Insurance.   Constitutional Law.   Contracts made in Foreign State.*

Gen. Laws, 1923, cap. 258, sec. 7, relating to policies insuring against liability for property damage or personal injuries, and providing that the insurer shall be directly liable to the injured party and if process is returned *non est inventus* against insured the injured party may proceed directly against the insurer, has no application to a case of a policy issued in another State and applying to an accident occuring in another State, to a citizen of that State.

*(2)   Contracts.   Constitutional Law.*

It is beyond the constitutional power of a state legislature to regulate the contracts of a foreign corporation made in another state with a citizen of such other state.

*(3)   Contracts.   Construction.*

In the absence of special provision in the contract to the contrary, a contract is to be construed in accordance with the law of the state where it is made.

ACTIONS on the case for negligence.   Heard on exceptions of plaintiffs and overruled.

SWEETLAND, C. J.   Each of the above entitled cases is an action on the case for negligence, brought against the defendant a foreign insurance company doing business in this State.

In each case the declaration in substance alleges that while the plaintiff was riding in an automobile in the city of Haverhill, in the Commonwealth of Massachusetts, which automobile was being operated with ·due care, another automobile belonging to one Joseph F. Allen was, through the negligence of said Allen and his servant, driven against the automobile in which the plaintiff was riding; that as a result of that collision the plaintiff suffered severe personal injury.   The declaration further alleges that the plaintiff

has endeavored to commence an action in this State against said Allen based on the negligence aforesaid, but said Allen being without this State no service of the writ could be made upon him, and the writ issued out of the Superior Court was returned by the sheriff *"non est inventus"*. The declaration further alleges that on the date of said collision there was in force a policy of automobile liability insurance issued by the defendant insurance company to said Allen by the terms of which said Allen was insured against loss from liability for damages arising from injury to persons or property suffered by any person through the act of said Allen or his servant while operating said automobile; and that said policy of insurance is subject to the provisions of Chapter 258, Sec. 7. Gen. Laws of Rhode Island of 1923. Wherefore the plaintiff has brought his suit against the defendant insurance company by virtue of said statute of this State.

To the declaration in each case the defendant has filed a special plea in which it avers in substance that the accident alleged in the declaration occurred in the Commonwealth of Massachusetts; that said Allen is a citizen of Massachusetts; that the only insurance against loss from liability through the operation of said automobile, issued by the defendant to said Allen, was written and issued in Massachusetts and was not written or issued subject to the provision of any statute of Rhode Island. To this special plea in each case the plaintiff demurred on the ground "that the facts stated in said plea do not constitute a defence to said action".

Upon hearing, a justice of the Superior Court overruled the demurrer in each case and has entered a decision for the defendant for costs.

The statute upon which the plaintiffs have based their respective actions is Section 7, Chapter 258, Gen. Laws 1923. The provisions of that section, essential in these cases, are as follows: "Sec. 7. Every policy hereafter written insuring against liability for property damage or personal injuries or both, other than payment of compensa-

tion under chapter ninety-two of the general laws, shall contain provisions to the effect that the insurer shall be directly liable to the injured party and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable. Such injured party, or in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process *'non est inventus'*, the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer."

The plaintiffs' contention is that because the defendant does business in this State, and its policies issued in this State are subject to the provisions of the statute quoted, it must have been the intent of the General Assembly that the defendant's policies of insurance issued elsewhere should also be affected by and subject to the provisions of that section. And the plaintiffs further contend that it was within the power of the General Assembly thus to give extra-territorial force to its statute.

Neither of those contentions is sound. The expression "Every policy hereafter written" though general in its terms must, in the absence of specific language to the contrary, be assumed to refer to contracts of insurance made in Rhode Island. In like manner as many other expressions throughout our statutes, though general in their terms embrace only matters within the sovereignty for which the General Assembly legislates. If, however, the statute was intended to have the broad purpose for which the plaintiffs contend, it would be beyond the constitutional power of a state legislature to regulate the contracts of a foreign corporation made in another state with a citizen of such other state. If the statute under consideration was enacted with the legislative intent for which the plaintiffs contend, it would amount to an attempt by the General Assembly of this State to regulate the manner of doing business in

Massachusetts between residents of that state. Such claim is contrary to the general rule as to the construction of contracts, which is applicable to contracts of insurance. (3) In the absence of special provision in the contract to the contrary, a contract is to be construed in accordance with the law of the state where it is made. *Leonard* v. *State Mutual Life Assurance Co.*, 27 R. I. 121.

The exception of the plaintiff in each case is entirely without merit and is overruled. Each case is remitted to the Superior Court with direction to enter judgment on the decision.

*John B. Lawlor, Lawlor & Ruch, Edward F. McElroy, McElroy & Fallon,* for plaintiffs.

*Ralph T. Barnefield,* for defendant.