EDITH A. RIDING *vs.* TRAVELERS INSURANCE CO.

HARRY RIDING *vs.* TRAVELERS INSURANCE CO.

JULY 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Liability Insurance.   Contracts made in Foreign State.   Automobiles.*

Gen. Laws 1923, cap. 258, sec. 7, relating to policies insuring against liability for property damage or personal injuries and providing that the insurer shall be directly liable to the injured party and if process is returned *non est inventus,* the injured party may proceed directly against the insurer has no application to the case of a policy issued in another state, to a citizen of another state and containing no provision that defendant should be directly liable to the injured party, although the accident occurred in this State.

*(2)  Liability Insurance.   Automobiles.*

Gen. Laws 1923, cap. 258, sec. 7, relating to policies insuring against liability for property damage or personal injuries, applies solely to contracts of insurance written and issued in this State.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and overruled.

SWEETLAND, C. J.    Each of the above entitled cases is an action of trespass on the case for negligence brought directly against the defendant, a foreign insurance company.

The declaration in each case alleges that the plaintiff while riding in an automobile in the city of Providence, in the exercise of due care, was injured through the negligence of one Handelman, a resident of the State of New York, whom the plaintiff alleges carelessly drove an automobile against that in which the plaintiff was riding, causing said injury.

The declaration further alleges that the plaintiff commenced an action against Handelman to recover damages for said injury; that the sheriff charged with the service of the writ in that action was unable to find Handelman in this State and returned the writ in said action "*non est inventus.*"

The declaration further alleges that the defendant had issued a policy of automobile liability insurance to said Handelman which was in full force and effect at the time of the alleged injury to the plaintiff, by the terms of which policy of insurance Handelman was insured against liability on account of personal injuries resulting to others by reason of the operation of a motor vehicle by said Handelman.

The declaration further alleges that by reason of the foregoing facts the plaintiff in accordance with the provisions of Section 7, Chapter 258, General Laws 1923, was entitled to proceed in this action directly against the defendant insurance company.

To this declaration the defendant filed a special plea stating therein that said policy of insurance was not issued in this State, nor written or issued subject to the provisions of said Section 7 of Chapter 258, and contained no provision that the defendant company should be directly liable to the injured party, and that said Handelman at the time of the issuance of the policy and of the accident was and still is a resident and citizen of the State of New York.

In each case the plaintiff demurred to the special plea on the ground that the facts stated therein did not constitute a defence to the action.

The demurrer was overruled by the Superior Court and decision entered for the defendant for costs. Each case is before us upon the plaintiff's exception to the decision overruling the demurrer.

The essential provisions of Section 7, Chapter 258, are as follows: "Sec. 7. Every policy hereafter written insuring against liability for property damage or personal injuries or both, other than payment of compensation under chapter ninety-two of the general laws, shall contain provisions to the effect that the insurer shall be directly liable to the injured party and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable. Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process '*non est inventus*,' the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer."

In the recent case of *Coderre* v. *Travelers Insurance Co.* 48 R. I. 152, this court considered the effect of Section 7 as it related to a policy of automobile insurance written and issued in the Commonwealth of Massachusetts by the defendant in this case to a resident of Massachusetts. In that case in reliance upon said Section 7 the plaintiff was seeking to proceed directly against the defendant insurance company to recover damages for injuries inflicted in an automobile accident occurring in Massachusetts. It was there held that the plaintiff could not so proceed. The plaintiffs in the cases at bar seek to distinguish their actions from that of *Coderre* v. *Travelers Insurance Co.*, *supra*, on the ground that the accident now under consideration occurred within this State. The plaintiffs contend that when said Handelman drove his automobile within this

State the provisions of Section 7 attached to said policy issued without the State; and that, for personal injuries resulting to others by reason of the operation by Handelman of the automobile named in the policy, the injured person might proceed directly against the defendant insurance company in reliance upon the terms of said Section 7. This contention is entirely unsound, and is founded upon a misinterpretation of the decision of the court in *Coderre* v. *Travelers Insurance Co., supra.*

Although in the *Coderre* case the injury alleged in the declaration was received without the State, that fact did not affect the decision, and the circumstance that in the cases now before us the injury was received in Rhode Island affords no reasonable ground of distinction. In the *Coderre* case as in these cases the vital consideration is the legal obligation of the defendant under the contract of insurance which it made with the insured. Unless so provided in the policy it seems almost needless to declare that defendant's obligation under the policy was not variable nor dependent upon the jurisdiction in which the insured drove his automobile. The ground of the decision in the *Coderre* case was that the provisions of Section 7 applied solely to contracts of insurance written and issued in this State, and further, if such had been the intent of the General Assembly, it was not within its constitutional power to give extra-territorial force to its statutes, and thus affect policies of insurance issued in Massachusetts or in any other jurisdiction outside of Rhode Island.

The demurrer admits the truth of the allegations of the plea that the policy of insurance in question here was issued without the State, and not written or issued subject to the provisions of said Section 7. This case is ruled by the determination in *Coderre* v. *Travelers Ins. Co., supra.*

In each case the plaintiff's exception is overruled and each case is remitted to the Superior Court for the entry of judgment on the decision.

*Quinn, Kernan & Quinn,* for plaintiff.
*Ralph T. Barnefield,* for defendant.