## MARTIN v. ZURICH GENERAL ACCI-DENT & LIABILITY INS. CO., No. 3117.

Circuit Court of Appeals, First Circuit.

As Amended June 29, 1936.

William A. Gunning, of Providence, R. I., for appellant.

Hoyt W. Lark, of Providence, R. I., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal by the plaintiff from a judgment of January 21, 1936, of the District Court for Rhode Island in favor of the defendant.

The plaintiff brought an action at law against the defendant in the superior court for Rhode Island, and the same was thereafter removed to the federal District Court. After removal an amended declaration was filed in which it was alleged in substance that the Graver Tank & Manufacturing Corporation of Indiana, in accordance with a written agreement of August 15, 1933, with James B. Berry Sons' Company, Inc., constructed and erected on the latter's premises in the town of Tiverton, R. I., a storage tank of 80,000 barrels capacity; that on November 1, 1933, by reason of the negligence of the Graver Company in welding together the plates of said tank, it collapsed, causing the injuries to the plaintiff complained

of while he was rightfully on the premises working in and about said tank; that on said date the defendant insurance company, with a usual place of business in Providence, R. I., had issued a policy of insurance insuring the Graver Company "against liability imposed by law for bodily injury caused by or through the work or operation of constructing, erecting, building or welding said storage tanks in the State of Rhode Island"; that the policy was dated at Chicago, Ill., October 9, 1933, and, in accordance with the laws of Rhode Island, was duly countersigned by a lawfully constituted and licensed resident agent of that state; that it provides, among other things, that the defendant "does hereby agree with the Employer [the Graver Company] respecting injuries, or death resulting therefrom * * * by any person or persons except employees of the Employer * * * while at the locations mentioned in declaration 5"; declaration 5 relating to Rhode Island and other states.

The declaration sets out the following provisions of the policy:

"1. To insure the Employer against loss from the liability imposed by law upon the Employer for damages, including damages allowed for loss of services.

"2. To give prompt and efficient service (a) in investigating cases of bodily injuries or death coming within the provisions of the policy, (b) in conducting negotiations for the settlement of, or in contesting, any claims made because of such cases of bodily injuries or death and (c) in defending any suit brought against the Employer to recover damages because of such cases of bodily injuries or death unless or until the Company may elect to effect settlement of such suit."

"G. No action for the insurance against loss provided for in Agreement I of this policy shall lie against the Company until the loss is made certain either by judgment against the Employer after final termination of the litigation or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years after the date of such judgment or agreement. No action to recover under any other Agreement shall lie against the Company, unless brought within twelve months after the cause of action accrues."

"GG. The insolvency or bankruptcy of the Employer shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the term of this policy. In case any person or the legal representatives of any person shall obtain a final judgment against the Employer because of such injuries or loss as are covered by this policy the judgment creditor may proceed against the Company subject to the conditions of this policy to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto."

"I. If any condition in this policy conflicts with any specific statutory provision in the State in which it is claimed that the Employer is liable for any such injuries or loss as are covered by this policy, such specific statutory provision shall be substituted for such condition."

The declaration further states that on March 2, 1935, the plaintiff issued a writ against the Graver Corporation returnable the 19th day of March, 1935, on which writ appears the following return:

"Newport, sc. Newport, R. I. March 4th, A. D. 1935. After due and diligent search within my precinct, I have been unable to find the within named defendant corporation.

"St. ex. $.50, Travel 3.50—$4.00. Alfred A. Clark, Sheriff."

In the declaration the plaintiff asserts his right to bring this action against the insurer by virtue of the provisions of section 7 of chapter 258 of the General Laws of Rhode Island for the year 1923.

To this declaration the defendant filed two pleas in bar alleging that the statute did not authorize the suit, (1) because the contract in question was not a Rhode Island contract, and (2) if it was a Rhode Island contract, it was an indemnity contract.

The District Court sustained both pleas, overruled the demurrer of the plaintiff thereto, and entered the judgment appealed from.

Section 7 of chapter 258 of the General Laws of Rhode Island reads as follows:

"Sec. 7. Every policy hereafter written insuring against liability for property damage or personal injuries or both, other than payment of compensation under chapter ninety-two of the general laws, shall contain provisions to the effect that the insurer shall be directly liable to the

injured party and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable. Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process 'non est inventus,' the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer. Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer: Provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid; and provided, further, that in no case shall the insurer be liable for damages beyond the amount of the face of the policy.

"All policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all provisions of such policies inconsistent herewith shall be void."

The Rhode Island courts have held that this section has no application to a policy contract entered into and delivered in another state (Riding v. Travelers' Ins. Co., 48 R.I. 433, 138 A. 186; Coderre v. Travelers' Ins. Co., 48 R.I. 152, 136 A. 305, 54 A.L.R. 512); also that it does not apply to indemnity policies, but only to those insuring against liability (Degnan v. Rhode Island Mutual Liability Ins. Co., 51 R.I. 366, 154 A. 912, 913, 83 A.L.R. 671).

According to the first plea, the policy was executed and delivered in Chicago, Ill., on October 9, 1933. It was a unilateral contract, and had no binding force until delivered to the Graver Corporation. As this was done in Illinois, it was an Illinois contract.

The plaintiff, however, contends that the parties contemplated performance of the contract in Rhode Island, and "matters connected with its performance are regulated by the law prevailing at the place of performance." Scudder v. Union National Bank, 91 U.S. 406, 412, 413, 23 L.Ed. 245. It is true that accidents covered by the policy must occur in Rhode Island, and the insurer must have understood that probably it would have to go into Rhode Island to defend any claim against the insured and settle any judgment entered there. But section 7 bears upon the remedy rather than performance, and as a remedy the Rhode Island courts have held that the section of its own force did not apply to contracts entered into outside of that state. Riding v. Travelers' Ins. Co., supra; Coderre v. Travelers' Ins. Co., supra.

In no view of the case can plaintiff derive any benefit from section 7 ex proprio vigore. In the policy, however, it is provided:

"I. If any condition in this policy conflicts with any specific statutory provision in the State in which it is claimed the Employer is liable for any such injuries or loss as are covered by this policy, such specific statutory provision shall be substituted for such condition."

Condition G provides that: "No action for the insurance against loss provided for in Agreement I of this policy shall lie against the Company until the loss is made certain either by judgment against the Employer after final termination of the litigation or by agreement between the parties with the written consent of the Company," etc. If this policy covers insurance against liability, the above condition is inconsistent with section 7 of chapter 258 of the General Laws of Rhode Island 1923, which provides for the bringing of actions by the injured person against the insurer before judgment is entered against the insured, and section 7, by the express stipulation in the policy, should be substituted for condition G, or at least be incorporated in it.

We have no hesitation in construing the policy here involved as one insuring against liability rather than a policy indemnifying for loss. It insures "the Employer against loss from the *liability* imposed by law upon the Employer for damages," not against loss occasioned by liquidating such liability by payment. If it could be said that the language here employed is ambiguous, the ambiguity would be resolved against the insurance company issuing the policy.

Furthermore, under agreements II and III, the defendant-insurer was to give

prompt and efficient service in investigating cases covered by the policy, in conducting negotiations for settlement or contesting claims, in defending any suit brought against the employer to recover damages, to pay all expenses and costs in such proceeding and "all interest accruing on *any judgment for which the Company is liable in whole or in part* under Agreement I, up to the date the *Company shall have paid, tendered or deposited in Court, its share of such judgment.*" (Italics supplied.)

And by condition E it is provided that the employer shall, as soon as practicable, give written notice of the accident and of any claim on account thereof; also of any suit brought against the employer to enforce such claim. By condition F the employer is prohibited from voluntarily assuming any liability, incurring any expense, other than for immediate surgical relief, settling any claim except at his own cost, and interfering in any negotiation for settlement or in any legal proceeding. All of which is treated by the courts as very persuasive, at least in construing a policy as insuring against liability.

There are cases which hold that, under such agreements as are here found and conditions as are here imposed, the policy would be construed as indemnifying against liability as soon as the liability was fixed by judgment, although there be a clause in the policy providing that no action should be brought against the insurer until actual payment of the liability by the insured. Sanders v. Frankfort Marine, Accident & Plate Glass Ins. Co., 72 N.H. 485, 57 A. 655, 101 Am.St.Rep. 688; Elliott v. Belt Automobile Ass'n, 87 Fla. 545, 100 So. 797; Davies v. Maryland Casualty Co., 89 Wash. 571, 154 P. 1116, 155 P. 1035, L.R.A.1916D, 395, 398; Standard Printing Co. v. Fidelity & Deposit Co., 138 Minn. 304, 164 N.W. 1022; American Indemnity Co. v. Fellbaum (Tex. Civ.App.) 225 S.W. 873; Elliott v. Ætna Life Ins. Co., 100 Neb. 833, 161 N.W. 579, L.R.A.1917C, 1061; Heinzen v. Underwriters Casualty Co., 208 Wis. 512, 243 N.W. 448; Christiansen v. Schenkenberg, 200 Wis. 581, 229 N.W. 62.

Here, however, the no-action clause (condition G) simply provides that "no action for the insurance against loss provided for in Agreement I of this policy shall lie against the company until the loss is *made certain* either by *judgment* against the Employer after final termination of the litigation or by *agreement* between the parties with the written consent of the Company" (italics supplied), which conclusively shows that the parties contemplated that action could be brought against the company as soon as liability was fixed and before payment by the insured.

The authorities are almost unanimous that such a policy as this insures against liability and not simply loss caused by liquidating the liability. Schambs v. Fidelity & Casualty Co. (C.C.A.9th) 259 F. 55, 6 A.L.R. 1231; Slavens v. Standard Acc. Ins. Co. (C.C.A.9th) 27 F.(2d) 859, and cases cited on page 861; Ohio Casualty Ins. Co. v. Beckwith (C.C.A.9th) 74 F.(2d) 75; Maryland Casualty Co. v. Peppard, 53 Okl. 515, 157 P. 106, L.R.A. 1916E, 597; Malley v. American Indemnity Corporation, 297 Pa. 216, 146 A. 571, 81 A.L.R. 1322; Brucker v. Georgia Casualty Co., 326 Mo. 856, 32 S.W.(2d) 1088; and many others.

The District Court passing upon defendant's second plea construed the policy as one of indemnity and not one against liability, and also felt bound by the decision of the state court in Degnan v. Rhode Island Mutual Fire Ins. Co., supra, as to the construction of the policy as well as of section 7 of the statute. In that case the policy differed materially from the one before us. There the insurer agreed to "indemnify the named insured by reason of liability imposed upon him by law * * * against *loss arising from claims,*" etc., (italics supplied), not, as here, "to insure the employer against loss from the liability imposed by law." While there the company obligated itself to investigate, negotiate settlement, and defend at its own expense suits brought against the insured, and "to pay * * * all interest accruing after entry of judgment upon such part of same as is not in excess of the company's limit of liability"; it did not treat the judgment as one which the insurance company was to pay in whole or in part as in the policy now before us. It was also provided that "no action shall lie against the company to recover for any loss under this policy unless brought within two years," etc., an altogether different condition than that in the no-action clause here set out. And, furthermore, the bankruptcy clause in the Degnan pol-

icy expressly stated that the obligation of the insurer was that of "indemnity," but provided that, notwithstanding it was one of indemnity, if the insured became bankrupt, then an action might be brought directly against the insurer, the same as though it were a liability policy, but in that case only.

The judgment of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion; costs in this court to the appellant.