MARTIN v. ZURICH GENERAL ACCIDENT
& LIABILITY INS. CO., Limited.
AGUIAR v. SAME (two cases).
DUARTE v. SAME.

Nos. 2763, 2830, 2832, 2831.

District Court, D. Rhode Island.
Nov. 17, 1936.

William A. Gunning, of Providence, R. I., for plaintiffs.

Hoyt W. Lark, of Providence, R. I., for defendant.

MAHONEY, District Judge.

In each of the above-entitled cases, the plaintiff has begun his action in the Superior Court in and for the County of Providence in the State of Rhode Island, upon the issuance of a writ of summons "in an action of trespass on the case as by declaration to be filed in Court will be fully set forth." Each case has been removed to the District Court of the United States in and for the District of Rhode Island.

The declaration in each case alleges that the plaintiff was injured on the 1st day of November, 1933, through the negligence of the Graver Tank & Manufacturing Company; that on the date of said injury the defendant insurance company, with the usual place of business in Providence, R. I., had issued a policy of insurance insuring the Graver Tank & Manufacturing Company "against liability imposed by law for bodily injury caused by or through the work or operation of constructing, erecting, building or welding said storage tanks in the State of Rhode Island"; that the plaintiff did cause a writ to be issued against the Graver Tank & Manufacturing Company, returnable to said Superior Court, on which a return of non est inventus had been made; and that by virtue of the provisions of section 7, chapter 258, of the General Laws of Rhode Island for the year 1923, the plaintiff has brought his action against said Zurich General Accident & Liability Insurance Company, Ltd.

Thereafter "the defendant filed two pleas in bar alleging that the statute did not apply because the contract was not a Rhode Island contract, and it was an indemnity contract."

In the above-entitled case of Manuel Luiz Martin v. Zurich General Accident & Liability Insurance Company, Ltd., 13 F. Supp. 162, the United States District Court in and for the District of Rhode Island overruled the demurrer, sustained the pleas, and entered judgment for defendant. The plaintiff thereupon appealed to the United States Circuit Court of Appeals for the First Circuit. Subsequently the Circuit Court of Appeals in the case entitled Martin v. Zurich General Accident & Liability Ins. Co., 84 F.(2d) 6, 8, determined that the said policy of insurance was an Illinois contract. However, the Circuit Court said:

"But section 7 bears upon the remedy rather than performance, and as a remedy the Rhode Island courts have held that the section of its own force did not apply to contracts entered into outside of that state. Riding v. Travelers' Ins. Co., supra [48 R. I. 433, 138 A. 186]; Coderre v. Travelers' Ins. Co., supra [48 R.I. 152, 136 A. 305, 54 A.L.R. 512].

"In no view of the case can plaintiff derive any benefit from section 7 ex proprio vigore. In the policy, however, it is provided:

" 'I. If any condition in this policy conflicts with any specific statutory provision in the State in which it is claimed the Employer is liable for any such injuries or loss as are covered by this policy, such specific statutory provision shall be substituted for such condition.'

"Condition G provides that: 'No action for the insurance against loss provided for in Agreement I of this policy shall lie against the Company until the loss is made certain either by judgment against the Employer after final termination of the litigation or by agreement between the parties with the written consent of the Company,' etc. If this policy covers insurance against liability, the above condition is inconsistent with section 7 of chapter 258 of the General Laws of Rhode Island 1923, which provides for the bringing of actions by the injured person against the insurer before judgment is entered against the insured, and section 7, by the express stipulation in the policy, should be substi-

tuted for condition G, or at least be incorporated in it."

The Circuit Court then held that the policy involved was one insuring against liability rather than a policy indemnifying for loss, vacated the judgment of the District Court, and remanded the case to that court for further proceedings not inconsistent with the opinion.

Thereafter, upon motion of the plaintiff, the demurrer in each case was sustained and pleas were overruled. The plea of general issue had already been filed in each case.

Subsequently, the defendant filed in each case a motion to dismiss. The motion is as follows: "Now comes the defendant in the above entitled cause and moves that the plaintiff's cause of action be dismissed because it says that the plaintiff is not entitled to recover from the defendant in a tort action. The plaintiff's declaration alleges that the defendant is liable to it in tort in an action of trespass on the case by virtue of the provisions of section 7 of chapter 258 of the General Laws of Rhode Island 1923 while it appears from the record that any rights which the plaintiff may have in said cause against the defendant are contractual and accrued to the plaintiff by reason of that certain Policy of Insurance set forth in the defendant's first and second pleas herein as Exhibit A and not by virtue of the provisions of section 7 of chapter 258 of the General Laws of Rhode Island 1923 as in the plaintiff's declaration is alleged."

The defendant urges that the motion should be sustained on the ground that the action is one of trespass on the case.

To this the plaintiff has moved that the defendant's motion to dismiss be stricken from the record in each case. If the position taken by the defendant is correct, the motion to dismiss is proper.

■ Advantage may be taken of the error by the plaintiff in mistaking his action at any stage of the trial. Rathbun v. New York, N. H. & H. R. R. Co., 19 R. I. 463, 36 A. 1134; Conroy v. Equitable Accident Company, 27 R.I. 467, 63 A. 356.

■ The procedure here is governed by the terms of the Conformity Act, 28 U.S. C.A. § 724.

The defendant urges that the action in each of the above entitled cases should be an action ex contractu rather than an

action ex delicto. It argues that this construction is correct for the reason that the Circuit Court in its opinion in Manuel Luiz Martin v. Zurich General Accident & Liability Insurance Co., Ltd., supra, says: "In no view of the case can plaintiff derive any benefit from section 7 ex proprio vigore," and that it is only by virtue of the Provision I of the policy that said "section 7, by the express stipulation in the policy, should be substituted for condition G, or at least be incorporated in it."

The defendant states that it is only by this ruling of the Circuit Court that the plaintiff can take advantage of said section 7, and the query is that because of that should his action be one based on the policy itself or one in tort. It is true that said section 7 is now for the purposes of each of these cases a part of the terms of the policy covering insurance against liability, and that the plaintiff is seeking recovery under the provisions of said section 7.

Section 7 of chapter 258 of the General Laws of Rhode Island 1923 reads as follows:

"Sec. 7. Every policy hereafter written insuring against liability for property damage or personal injuries or both, other than payment of compensation under chapter ninety-two of the general laws, shall contain provisions to the effect that the insurer shall be directly liable to the injured party and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable. Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process 'non est inventus,' the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer. Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer: Provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid; and provided, further, that in no case shall the insurer be liable for damages beyond the amount of the face of the policy.

"All policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all provisions of such policies inconsistent herewith shall be void."

Civil cases have been brought in the State of Rhode Island by virtue of the provisions of this section and the actions have been trespass on the case for negligence in assumpsit and debt on judgment.

In the case entitled Miller v. Metropolitan Casualty Insurance Company of New York, 50 R.I. 166, 146 A. 412, 413, which was an action for debt on judgment, the Supreme Court of that State in discussing said section 7 said:

"Similar statutes have been enacted in other states, but their language is not identical. In the Massachusetts statute the injured person's procedure is by bill in equity after a judgment against the insured. Lorando v. Gethro, 228 Mass. 181, 117 N.E. 185, 1 A.L.R. 1374. In New York it is by action at law against the insurance company 'under the terms of the policy.' Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271, 160 N.E. 367, [72 A.L.R. 1443]. Our statute, so far as now material, reads: 'Every policy hereafter written insuring against liability for property damage * * * shall contain provisions to the effect that the insurer shall be directly liable to the injured party * * * to pay him the amount of damages for which such insured is liable. Such injured party, * * * in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process 'non est inventus,' the said injured party, * * * may proceed directly against the insurer. Said injured party * * * after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer: * * * provided, that in no case shall the insurer be liable for damages beyond the amount of the face of the policy. All policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all provisions of such policies inconsistent herewith shall be void.'

"Plaintiff's contention is that the statute gives him the right to proceed in debt on the judgment he has obtained against the supply company; that he was neither

under obligation to notify the insurance company, nor had he right to make that company a party to the litigation against the supply company; that a defence that the insurance company had no notice of litigation out of which the judgment arose is of no avail because the statute has imposed an absolute liability on the insurance company. Such a contention seems to have been countenanced in Finkelberg v. Continental Cas. Co., 126 Wash. 543, 219 P. 12, but later disapproved in Merriman v. Maryland Cas. Co., 147 Wash. 579, 266 P. 682 [63 A.L.R. 1040]. Likewise in Virginia plaintiff's right is based on the policy and not solely on the judgment. Indemnity Ins. Co. of North America v. Davis' Adm'r, 150 Va. 778, 143 S.E. 328.

"In construing the statute the right given to the injured person and the obligation undertaken by the insurance company should both be protected if possible. The aim of the statute as to the injured person was not to place him in a more advantageous position than that of the insured. It was to subrogate him to the right which the insured would have had if he had paid the judgment. Lundblad v. New Amsterdam Cas. Co., [265 Mass. 158] 163 N.E. 874. It was to enable collection to be made from the indemnitor, even if the insured had not been found or had not after recovery of a judgment paid the same. In this respect the statute would enlarge the scope of a policy which contained no such provision. It would create a privity of contract which otherwise would not exist. At the same time it left the ultimate recovery by the injured person subject to the contractual rights created by the policy. It did not seek to impose a new basis of indemnity not contracted for by the insurance company.

"To construe the statute as giving plaintiff an action of debt on the judgment against the insured, obtained without knowledge of the insurance company, would not only impose a new burden upon the insurance company, but totally deprive it of its day in court and opportunity to defend the original case on the merits as provided by the policy. Such construction would be opposed to principles underlying our administration of justice, even if not violative of the constitutional guaranty of due process of law. Whether the Legislature could pass an act imposing such an absolute liability without notice as a condition of allowing an insurance company to do business, we need not decide. The Legislature has not passed such an act. The provision of the act for non-joinder of the insurance company in the first suit is clearly to protect the insurance company against the well-known tendency of jurors to fail to consider merits if a defendant in an automobile accident case is insured. It is not reasonable to suppose that the Legislature in one provision safeguarded the insurance company and in a following one imposed a liability without opportunity to know of or defend against the claim of an injured person. The portion of the statute allowing the injured party to 'proceed directly against the insurer' was applicable when a process against the insured was returned non est inventus. It did not make the judgment against the insured a final determination that the company was liable under the policy. It gave the right to the injured person to stand in the place of the insured, but left the insurance company free to contest liability under the policy."

And again the Supreme Court of the State of Rhode Island construed this statute in the case of Luft v. Factory Mutual Liability Insurance Company of America, 53 R.I. 238, 165 A. 776, 777, which was an action to recover for personal injuries as a result of an accident. The court said:

"This statute has been construed by this court in several cases. In Miller v. Metropolitan Cas. Ins. Co., 50 R.I. 166, 146 A. 412, it was decided that this statute did not impose an absolute liability on the insurer for the benefit of the person injured by the insured, nor did it enlarge the indemnity provided for in the contract between the insurer and the insured; that the purpose of this statute was to subrogate the injured party to the right which the insured would have had if he had paid the judgment.

"In the previous opinion upon these cases it was decided that when the action is directly against the insurer, plaintiff (the injured party) must establish his case exactly as though the insured were the defendant and that the insurer was entitled to any defense available to the insured and also to any defense it might have to liability on its policy of insurance; that in the instant cases the right of action of each plaintiff against the defendant arose at the time when the injuries complained of were sustained and that the statute of limitations applies in favor of the insurer from that time; that the condition in the

statute requiring that a writ against the insured first be returned non est inventus was a condition referable to the remedy and not the right.

"The previous opinion of this court is decisive of the question now raised. The statute makes a clear distinction between the cause of action and the procedural rights provided therein. The cause of action is the liability of the insured to the injured party. The insurer cannot be joined in any action against the insured. Only when the insured cannot be served with process may an action be brought against the insurer before judgment is obtained against the insured. The liability of the insurer is in the nature of that of a surety whose obligation is limited to the contractual obligation under the policy of insurance.

"The statute gives a remedy against the insurer for a wrong done by the insured. It provides an additional remedy but not an additional cause of action. Plaintiffs have one cause of action for which the statute gives them two remedies."

Section 7 of chapter 258 of the General Laws of Rhode Island, 1923, is a part of the contract of insurance. The policy is a private contract of insurance between the Graver Tank & Manufacturing Company and the defendant insurance company. The plaintiff's rights are "subject to the terms, limits and conditions of the policy." Miller v. Metropolitan Casualty Insurance Company of New York, supra. Said section 7, as construed by the Supreme Court of the State of Rhode Island, sets up the liability of the insurance company as in the nature of that of a surety whose obligation is limited to the contractual obligation under the policy of insurance.

The statute gives a remedy against the insurer for a wrong done by the insured, and provides that the insurer shall be "directly liable to the injured party" and that the "injured party * * * may proceed directly against the insurer." It provides an additional remedy but not an additional cause of action. Plaintiffs have one cause of action for which the statute

gives them two remedies. Luft v. Factory Mutual Liability Insurance Co., supra. Said section 7 is a part of the contract by virtue of the clause I of the policy of insurance. That does not interfere with the establishment of the plaintiff's rights. It does not deny the defendant any of the defences, both those of the insured and those of its own under the terms of the policy. The cause of action which each plaintiff has is one arising out of the alleged negligence of the insured. The action is trespass on the case and the declaration, following it, sets up an action in negligence. Under such a procedure all rights are secured to the plaintiff and to the defendant. Under the statutes of New York it is stated that the action is one at law against the insurance company "under the terms of the policy." In Massachusetts the remedy is by a bill in equity after a judgment against the insured. Miller v. Metropolitan Casualty Insurance Company, supra. But the Rhode Island statute in said section 7 does not prescribe the form of action. The fact that in no instance where the action has been trespass on the case in negligence in suits brought under said section 7, has the Supreme Court of Rhode Island dismissed the action because the wrong form of action had been brought is significant and is entitled to considerable persuasive weight. The alleged injuries of the plaintiff in each case have been caused by the alleged negligence of the defendant. The actions are clearly actions in tort. The interpretation of said section 7, made a part of the contract of insurance by the operation of clause I as delineated by the Supreme Court of Rhode Island in the cases which have been before it, does not deny to the defendant, in an action of trespass on the case for negligence, any of the defenses which properly belong to it. The defenses of the insured and the defenses of the insurer as to the validity of the policy may be taken advantage of in such an action against the insurer, the defendant in these cases.

The action is properly before the court in each case in its present form. The motion to dismiss is denied in each case. The motion to strike out is granted in each case.