**42**

NORMAN R. GRAVIN, INC., Norman R. Gravin, Ann S. Gravin, Plaintiffs,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 57–228.

United States District Court
D. Massachusetts.

June 11, 1958.

James A. Brink, Boston, Mass., for plaintiffs.

Claude R. Branch, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

■ This is an action for money damages, growing out of an alleged illegal termination of a sales agreement between the plaintiff corporation and the defendant. The individual plaintiffs allege personal losses as a result of the cancellation referred to. The illegality of the cancellation is based on an alleged violation of a statute enacted by the state of Rhode Island in 1950. The defendant, in its answer, raises four issues: (1) the absolute right of the defendant to cancel the sales agreement; (2) the statutes relied upon by the plaintiff (Public Laws of Rhode Island, 1950, Chapter 2595, Article VIII) furnish no basis for a civil suit; (3) the provisions of the said statute do not and cannot constitutionally apply to the sales agreement because it was a Michigan contract and must be construed under Michigan law; and (4) if said provisions are applied to this contract, either alone or in conjunction with other statutes, such application would be violative of the defendant's constitutional rights under Article XIV, § 1 of the Constitution of the United States. The matter is before me on a motion to strike certain paragraphs of the bill and on a motion to dismiss the action. The motion to strike paragraph 10 of each of the eleven claims is allowed at the outset. These paragraphs contain references to administrative hearings and decisions of the Registrar of Motor Vehicles. These, of course, are not binding on this court and, if allowed to remain in the complaint, would be prejudicial to the defendant. This applies with equal force to paragraphs 25, 32, 38 and 45. The motion to strike the paragraphs referred to above is allowed, and an examination of the motion to dismiss on the basis of the remaining paragraphs and counts will be made.

■ The constitutionality of any statute should be sustained in the absence of evidence clearly to the contrary. Not only is a statute presumed to be constitutional but it "must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitu-

tional, but also grave doubts on that score." United States v. Jin Fuey Moy, 241 U.S. 394, 401, 36 S.Ct. 658, 659, 60 L.Ed. 1061; Edwards v. Cardarelli, 65 R. I. 236, 14 A.2d 693. Furthermore, this court would only reluctantly pass upon the constitutionality of any statute of a sister state. If that construction can be avoided, it should be, and the question left for the courts of the state where the statute was enacted.

In the case before us, such a course can be avoided and the motion decided on other grounds—namely, the applicability of the statute to the facts of the case.

The contract or sales agreement was accepted in Michigan by the defendant and was "intend(ed) to be executed as a Michigan contract." If the legislature, in enacting the 1950 statute in question, intended it to apply to contracts made in other states, there is a grave doubt as to its constitutionality. In Coderre v. Travelers Insurance Co., 48 R.I. 152, 136 A. 305, 54 A.L.R. 512, the Rhode Island Supreme Court held that a Rhode Island statute in regard to policies of liability insurance was not applicable to policies written outside the state. To the same effect see Riding v. Travelers Insurance Co., 48 R.I. 433, 138 A. 186.

In the Coderre case [48 R.I. 152, 136 A. 306], the plaintiffs contended that, since the Insurance Company did business within the state, that all policies written elsewhere were subject to the laws of Rhode Island. The Supreme Court rejected this contention stating that "it would be beyond the constitutional power of a state Legislature to regulate the contract of a foreign corporation made in another state with a citizen of such other state."

■ While the Coderre case, supra, involved a contract made between an insurance company and the insured, both non-resident in Rhode Island, the law laid down in that case would be equally applicable to the instant case, even though the plaintiffs were residents of Rhode Island, for the contract clearly is one made in another state and, on the

basis of the Coderre reasoning, it is clear that the Rhode Island legislature, in enacting the 1950 statute, was referring only to Rhode Island manufacturers, factory branches and factory representatives "doing business as such" in Rhode Island. It is, however, not necessary to decide this action on the decisions in the Coderre and Riding cases, for it becomes apparent, when the statutes upon which the plaintiffs rely are scrutinized carefully, that the plaintiff has not stated a cause of action upon which relief can be granted under those statutes.

The plaintiff, in stating its case, invokes Article VIII of the Rhode Island Public Laws, 1950, Chapter 2595, to show that the defendant is guilty of a misdemeanor in cancelling the plaintiff's franchise and that, by reason of such misdemeanor under Rhode Island General Laws, 1938, Chapter 478, it has a right to recover damages for the injury resulting from the commission of that misdemeanor. Chapter 478 of the Rhode Island General Laws reads as follows:

"§ 1. Whenever any person shall suffer any injury to his person, reputation or estate, by reason of the commission of any crime or offense, he may recover his damages for such injury, either in an action of trespass, or in an action of the case, against the offender, and it shall not be any defense to such action that no criminal complaint for such crime or offense has been made; and whenever any person shall be guilty of larceny, he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration."

As a result of this statute there can be little question that the plaintiff is entitled to damages for the injury sustained, if its act in cancelling the sales agreement was a violation of Chapter 2595 of the Rhode Island Public Laws, 1950.

Article VIII reads in part as follows:

"Motor Vehicle Manufacturers Must be Licensed

"Section 1. *Motor vehicle manufacturers must be licensed.*—(a) No manufacturer, factory branch or factory representative shall engage in business as such in this state without a license therefor as provided in this act. * * *

"Sec. 2. *Denial, suspension, or revocation of license.*—(a) A license may be denied, suspended or revoked on the following grounds:

*　*　*　*　*　*

"(8) Because the applicant or licensee has unfairly or without due regard to the equities of a motor vehicle dealer, or without just provocation, cancelled the franchise of such motor vehicle dealer.

*　*　*　*　*　*

"(e) Any person, being a manufacturer, factory branch, or factory representative, who violates any provision of this act, or who does any act enumerated in section 2 of article VIII as a ground for the denial, suspension or revocation of a license, shall be deemed guilty of a misdemeanor."

It is to be noted that Section 1 designates the individuals covered by this section as manufacturers, factory branches, or factory representatives, but is limited to those who "shall engage in business as such in this state." Whether Section 2(a) (8) has been violated, thus bringing into effect Section 2(a) (8) (e), is immaterial, unless this defendant is included within the definition of the statute.

From all of the pleadings it appears that the defendant manufactures automobiles in Michigan and, under a Michigan contract for the purchase and sale of its cars, delivered them to the plaintiff in Rhode Island. The defendant is not a manufacturer engaged as such in the state of Rhode Island. There is no evidence nor allegation that it is a factory branch or a factory representative. Since this statute is very limited in its application, and the defendant plainly is not one of the parties referred to in the

statute, I conclude and rule that the plaintiff has not stated a cause of action upon which relief can be granted under these statutes.

The motion to dismiss the action is therefore allowed. `