# NEWPORT COUNTY.

Louis W. Anthony, Collector of Taxes, *vs.* John R. Caswell, Trustee.

A trustee resident in another state, who holds as trustee no property in this State, is not liable to taxation in the town where his *cestui* resides in this State.

Exceptions to the Court of Common Pleas.

This was a special action on the case, brought by the collector

of taxes of the town of Jamestown, in the Court of Common Pleas. The defendant pleaded specially, and the plaintiff demurred to the special plea. The demurrer was overruled by the Court of Common Pleas, and the plaintiff excepted.

*Newport, October* 3, 1885. DURFEE, C. J. This is an action for taxes assessed against the defendant as trustee of Philip Caswell and Elizabeth Caswell, under the will of Philip Caswell, Jun. The taxes were assessed, in 1881, 1882, 1883, and 1884, in the town of Jamestown, where the said Philip and Elizabeth then resided. The defendant pleads a special plea, setting forth that for more than fifteen years last past he has not owned any real or other property as trustee in Jamestown, or in the State, and has not resided in the State, but has been a domiciled inhabitant and citizen of the State of New York. The plaintiff demurs to the plea. The question is, whether a trustee, resident in another state, who has no property in this State, is liable to taxation in the town where his *cestuis que trustent* reside, if they reside in the State. Our statutes provide that " all real property in the State, and all personal property *belonging to the inhabitants* thereof, shall be liable to taxation, unless otherwise specially provided ; " that " all real estate shall be taxed in the town where the same is situated ; " and that " all ratable personal property shall be taxed in the town in which the owner shall have had his actual place of abode for the larger portion of the twelve months next preceding the first day of April in each year, unless otherwise provided." Pub. Stat. R. I. cap. 41, § 1, and cap. 42, §§ 1, 9. These provisions accord with the usual rule that real estate shall be taxed where it is situated, and personal estate to the owner where he has his domicil. In *Barber* v. *Potter*, 8 R. I. 15, it was decided that a person not an inhabitant of the State when the tax is assessed is not liable to be taxed for personal estate, in general, in any town. There are special provisions that certain kinds of personal property shall be regarded as real estate for the purposes of taxation, and that certain other kinds, capable of having a local situs, shall be taxed in the towns where they are situated. Pub. Stat. R. I. cap. 42, §§ 3, 9, 10. The defendant is clearly not liable to taxation as trustee under any of these provisions. The plaintiff does not claim that he is liable under them, but claims that he is liable under cap. 42, § 12, which is : —

" All personal property held *in trust* by any executor, adminis-
trator, or trustee, the income of which is to be paid to any other
person, shall be assessed against the executor, administrator, or
trustee in the town where such other person resides ; but if such
person resides out of the State, then in the town where the exec-
utor, administrator, or trustee resides, and if there be more than
one such executor, administrator, or trustee, then in equal propor-
tions to each of such executors, administrators, and trustees in the
towns where they respectively reside."

The provision, taken literally, extends to trustees wherever res-
ident, and to property wherever situated, if only the *cestuis que
trustent* reside in this State.   The statutes, however, must be un-
derstood to extend only so far as they are operative, namely, to
persons and things within the State, or to persons subject to the
jurisdiction of the State by reason of their domicil. An inspection
of our statutes will show that they do not in express terms limit
their own operation to the State, the limitation being implied as a
matter of course.   The only reason suggested for not implying it
here is, that the taxes, though assessed against the non-resident
trustee, are virtually assessed against the resident *cestuis que
trustent*, being payable out of the trust property.   And it is
strongly urged that, if the limitation is implied, tax-payers will be
tempted to transfer their ratable personal estate to non-resident
trustees for the purpose of escaping taxation.   We acknowledge
the force of these arguments, but we are not convinced by them.
The statute, following the common rule, clearly recognizes execu-
tors, administrators, and trustees as the owners, for the purposes of
taxation, of the property held in trust by them.   And see *Greene*
v. *Mumford*, 4 R. I. 313, 319.   It is against them that the taxes
are ordered to be assessed, and no remedy is provided for the col-
lection of taxes assessed against them, from resident *cestuis que
trustent*.   It will be noticed, too, that section 12 provides that
when the *cestuis* are non-resident, the trustees shall nevertheless
be taxed in the towns where they severally reside.   It is fair to
suppose that the State intends to allow to other states the same
right which it claims for itself, and does not contemplate a double
taxation.   And see *Dorr* v. *City of Boston*, 6 Gray, 131.   Our
conclusion is, that the purpose of section 12 is simply to determine

where property held in trust shall be taxed, not to extend the liability to taxation. The demurrer will therefore be overruled and the special plea sustained. *Exceptions overruled.*

*William P. Sheffield & Wm. P. Sheffield, Jun.,* for plaintiff.

*Francis B. Peckham,* for defendant.