BENJAMIN S. BOSS *vs.* ERNEST L. SPRAGUE, Secretary of State.

OCTOBER 28, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is an appeal from a decree entered in the Superior Court restraining the respondent from causing to be posted in the town of Richmond, and from certifying to the town clerk of said town, any list of candidates on the "Citizens Ticket" for senator and representative in the General Assembly from said town of Richmond

and from placing on the official ballot the name of any person as a candidate on said ticket for the offices of senator and representative from said town.

The jurisdiction of the Superior Court in the premises is challenged on the ground that the subject matter of the suit is of a political nature. The contention of the complainant that property rights are involved is disposed of by the case of *O'Brien* v. *Board of Aldermen*, 18 R. I. 113, where it was held that while candidates for office may have a strong personal interest in an election, that interest is not of such a legal character as can be enforced in their own names through judicial proceedings. In dismissing the petition for a writ of mandamus, the court said: "We are therefore of opinion that these petitioners have no such special interest, distinct from the public at large, as to entitle them to petition in their own names, and that a petition for the enforcement of a purely public right or duty should be brought by the proper public officer, to whom it appertains to see to the enforcement of the right or duty in question."

In the instant case it is clear that the rights which it is alleged are threatened with violation are public and not private. By weight of authority it is well settled that a court of equity acting within its general equitable powers has no jurisdiction over controversies of a political nature. 4 Pomeroy Eq. 4067; *Ex parte Sawyer*, 31 U. S. L. Ed. 402; *Giles* v. *Harris*, 189 U. S. 475; *Green* v. *Mills*, 69 Fed. 852.

The jurisdiction of the Superior Court in equity is found in Section 6, Chapter 323, G. L. 1923, and is as follows: "The superior court shall have exclusive original jurisdiction, except as otherwise provided by law, of suits and proceedings in equity, and of statutory proceedings following the course of equity . . ." There is nothing in this section which confers upon the Superior Court powers in equity beyond those generally exercised by courts of equity. There is no merit in the contention of the complainant that, inasmuch as the power to issue writs of mandamus has been conferred upon the Superior Court, the right to issue a

writ of injunction as a correlative of said power follows by necessary implication. The Superior Court is statutory in its origin and its powers are defined by statute and can not be extended by judicial interpretation. In *Carpenter* v. *Sprague*, 45 R. I. 29, it was held that the Supreme Court had authority to issue a prerogative writ of injunction and that the power to do so is derived from Article XII of the Amendments to the Constitution of this State, where it is provided that: "It shall have power to issue prerogative writs, and shall also have such other jurisdiction as may, from time to time, be prescribed by law."

Section 2 of Chapter 322, G. L. 1923, provides that this court may issue "all other extraordinary and prerogative writs and processes necessary for the furtherance of justice, and the due administration of the law." In the exercise of this power this court in the above case issued a writ restraining the secretary of state from issuing a commission, the issuance of which would have been contrary to law. But it is to be observed that this writ, while injunctive in form, was not a writ of injunction such as is ordinarily issued by a court of equity. It was designated as a prerogative writ of injunction issued by. virtue of the authority conferred upon this court by the constitution and by statute, and it was there held that such a writ or process will issue in a proper case on the petition of the attorney general on behalf of the state to restrain some threatened action injuriously affecting a public right.

It is clear that the authority to issue a writ of this nature has never been conferred upon the Superior Court which was therefore without jurisdiction to enter the decree appealed from.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court with direction to enter a final decree dismissing the bill.

*Baker & Spicer, William A. Needham,* for complainant.

*Joseph C. Cawley,* for respondent.