WALTER A. EDWARDS, *Gdn. vs.* MICHAEL N. CARDARELLI *et al.,* Assessors of Taxes.

JULY 5, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This cause, begun by petition for relief from a tax assessed by the respondents, assessors of taxes of the city of Providence, has been certified to us, under general laws 1938, chapter 545, § 1, for the hearing and determination of a question, raised upon the record therein, as to the constitutionality of G. L. 1923, chap. 59, sec. 9, par. fourth, now G. L. 1938, chap. 30, § 9, par. fourth. The cause also comes to us on an agreed statement of facts under G. L. 1938, chap. 545, § 4.

The petitioner, domiciled in and a resident of the city of Providence, was appointed guardian of Scofield Thayer, a domiciled resident of the city of Worcester, Massachusetts, by the probate court of the county of Worcester in that

commonwealth, on January 5, 1937. According to Massachusetts law, the petitioner, under such appointment, became guardian both of the person and of the estate of said Thayer. No application has ever been made in any court of this state for the appointment of the petitioner or any other person as such guardian.

Thayer's property that came into the petitioner's hands or possession as guardian was intangible personal property. It consisted, and now consists, of bonds, stocks and other securities, notes secured by mortgages on real estate, and money on deposit in banking institutions. At the time of the petitioner's appointment as guardian, the physical evidences of all this intangible personal property were in Massachusetts. During 1937, the petitioner removed all such evidences to Rhode Island and delivered them for safekeeping to the Rhode Island Hospital Trust Company in Providence. The petitioner, however, continued to exercise control over the management, investment and reinvestment of such property. No tax on intangible personal property is imposed by the commonwealth of Massachusetts or the city of Worcester, although the petitioner pays an annual tax to said commonwealth on the income from such property held by him in his capacity as guardian.

On May 3, 1938, the city council of Providence ordered the assessment and collection of a tax on ratable intangible personal property, at the rate of forty cents on each one hundred dollars of the value thereof, said tax to be assessed as of June 15, 1938, at 12 o'clock noon, eastern standard time. Within the time prescribed by law, the petitioner brought in to the assessors of taxes of the city of Providence a full account and valuation of all the intangible personal property in his hands or possession as guardian of Scofield Thayer. Together with this account, the petitioner filed a protest in writing, claiming that in the circumstances he was not taxable by the city of Providence on such property

in his capacity as guardian. The tax assessors, respondents in this cause, rejected the petitioner's claim and imposed a tax of $2920.40 as of June 15, 1938, which the petitioner paid under protest on October 19, 1938, to avoid the imposition of interest and penalties. This cause was then brought to recover the tax so paid.

The respondents imposed the tax in question on the authority of G. L. 1923, chap. 59, sec. 9, par. fourth, and they rely solely on the language of that paragraph to support their action in the circumstances of this cause. The title of the chapter is: "Where and to Whom Property is Taxable", and paragraph fourth of sec. 9 is as follows: "Intangible personal property belonging to persons under guardianship shall be taxed to the guardian in the town where the ward resides, if in this state; and if the ward does not reside in this state, in the town where the guardian resides, if a resident of this state." The petitioner contends first, that this statute does not create a jurisdiction to tax, but merely fixes the method of taxing property in this state which may properly be taxed here; and second, that, if the statute permits the imposition of a tax on intangible personal property in the circumstances of this cause, the statute is invalid under the due process clause of the fourteenth amendment to the federal constitution.

The primary question thus presented to us is what is the real intent and purpose of the statute? As a literal reading of paragraph fourth above quoted, standing alone, is susceptible of the construction put upon it by the respondents, we are immediately confronted with the familiar rule of statutory construction that if a statute is susceptible of two reasonable constructions, one of which would raise a serious question of its constitutionality and the other would not, the latter construction should be adopted. *Opinion to the Governor*, 58 R. I. 486; *Narragansett Electric Lighting Co.* v. *Sabre*, 50 R. I. 288.

Taxation is a subject on which each state has, and is entitled to have, its own views of justice and policy, and where such views are carried out by legislation, the court is bound to give to this legislation its proper effect. It is for the legislature to say what shall be taxed. In the absence of evidence of a different intent, we must assume that it was the intention of the legislature to have all statutes relating to taxation construed so as to be consistent with one another and to effectuate, and not to defeat, the policy of the law.

In *Anthony* v. *Caswell,* 15 R. I. 159, at page 161 of that opinion, this court says: "It is fair to suppose that the State intends to allow to other states the same right which it claims for itself, and does not contemplate a double taxation." This thought clearly appears in the provisions of G. L. 1923, chap. 58, entitled: "Of Property Liable to, and Exempt from, Taxation", especially in section 1 thereof which provides: "All real property in the state, and all personal property belonging to the *inhabitants* thereof, whether individuals, copartnerships, or corporations, and all *tangible personal property* located in the state belonging to nonresidents, shall be liable to taxation, unless otherwise specially provided." (italics ours)

The instant cause is not to be confused with cases that deal with the assessment of a tax against a trustee, executor or administrator, where, following the common rule, such a person is deemed the owner, for the purposes of taxation, of the property held by him in any of those capacities. Decisions of this or other courts based on such relations are inapplicable in the circumstances of this cause.

It is well settled that a guardian, unlike a trustee, executor or administrator, does not take legal title to his ward's personal property, but is merely invested with power to control and manage such property. Both legal and beneficial titles remain in the ward. *Rollins* v. *Marsh,* 128 Mass. 116; *Appeal of Look,* 129 Me. 359. It is also a familiar principle

of law that, generally speaking, the situs of intangible personal property for the imposition of a property tax is at the domicile of the owner. 2 Cooley on Taxation, (4th ed.) § 455; 1 Beale on Conflict of Laws, § 118C 20, 22; Goodrich on Conflict of Laws, (2d ed) § § 49, 53.

We cannot agree with the respondents' contention that G. L. 1923, chap. 59, sec. 9, par. fourth, hereinbefore quoted in full, creates a new situs for the taxation of intangibles of a nonresident. The statutes under title VIII of G. L. 1923, entitled "Of the Levy, Assessment and Collection of Taxes", all relate to the subject of taxation and, in so far as pertinent in the consideration of a particular question in connection with taxation, they are to be construed with reference to one another as parts of one system in ascertaining the legislative intent. *Pickering* v. *Pickering,* 64 R. I., 112, 10 A. 2d. 721.

Chapters 58 and 59 are designed and intended to perform different functions in the system of taxation that the legislature had adopted for the inhabitants of this state. Chapter 58 is the first of seven chapters under title VIII. Section 1 of that chapter describes the property that the legislature made liable to taxation. In so doing, it provides that "all personal property belonging to the inhabitants" of this state shall be liable to taxation; and expressly limits such liability to the "tangible personal property" located in the state belonging to nonresidents. This section clearly does not make taxable in this state any *intangible* personal property located in this state but belonging to a nonresident thereof. The explicit language of this section should not be disregarded in determining the intent of the legislature in other provisions of the statute under title VIII.

The respondents take the position that the intangibles in this state of a nonresident ward, in the possession and control of a resident guardian, are made liable to taxation by chapter 59, sec. 9, par. fourth. In arriving at this conclu-

sion they completely ignore the provisions of chap. 58, section 1 and treat par. fourth, sec. 9, chap. 59 as if it were an independent statute, unrelated in any way to other pertinent statutory provisions in the plan of taxation prescribed by the legislature for the inhabitants of this state under title VIII. This they cannot do. The provisions of chapters 58 and 59 are interrelated and must be construed in reference to each other.

Chapter 58 specifies what property is liable to taxation. Speaking generally, the purpose of chap. 59 is to designate the place where and the person to whom taxable property of the inhabitants of this state should be taxed, so that no conflict might arise between cities or towns in exercising the power to tax the property made liable to taxation in chap. 58, section 1. This is made quite apparent by the language of par. 12, sec. 9, chap. 59, which is as follows: "Except as otherwise provided by this section, or by any other law, all ratable personal property, both tangible and intangible, shall be taxed to the owner thereof in the town in which such owner shall have had his actual place of abode for the larger portion of the twelve months next preceding the first day of April in each year." See *Soucy* v. *Knight*, 52 R. I. 405.

In our judgment the construction of par. fourth, sec. 9, chap. 59, urged by the respondents, is too broad. We find nothing in chapters 58 and 59, and more particularly in said par. fourth, that reasonably requires such a construction. We are, therefore, of the opinion that the respondents were without power to assess the tax under consideration in the circumstances of this cause.

No constitutional question is involved in the instant cause under our construction of the statute.

Decision for petitioner for $2920.40, together with interest from October 19, 1938, and costs.

The papers in the cause with our decision certified thereon are ordered sent back to the superior court for entry of final judgment on the decision.

*Edwards & Angell, William H. Edwards and Henry B. Gardner, Jr.,* for petitioner.

*William A. Needham,* City Solicitor, *William A. Spicer,* Assistant City Solicitor, for respondents.