J. SEYMOUR MONTGOMERY, JR. *et al., Trs. vs.*
LOUIS P. VIRGADAMO *et al.,*
ASSESSORS OF TAXES OF THE CITY OF NEWPORT.

DECEMBER 29, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

484

O'CONNELL, J. This is a petition which was brought under general laws 1938, chapter 31, §14, by certain trustees to recover the amount of a tax heretofore paid by them under protest on the ground that such tax was illegally and unconstitutionally assessed against them. The petition was heard before a justice of the superior court sitting without a jury and he rendered a decision for the petitioners for $720, the full amount of the tax paid, with interest from August 24, 1948, the date of payment, amounting in all to $758.04, together with costs. To such decision the respondents duly excepted and the case is now before us on such exception.

It appears from the evidence that the petitioners, J. Seymour Montgomery, Jr. and Guaranty Trust Company of New York, are executors and trustees under the will of Paul Grand d'Hauteville and have duly qualified and acted as such. Paul Grand d'Hauteville died a resident of Newport in this state and on December 15, 1947 his will was admitted to probate by the probate court of that city.

At the time of the assessment of the tax in question petitioner Montgomery was a legal resident of Princeton, New Jersey, and has never been a resident of the city of Newport or elsewhere in Rhode Island. Guaranty Trust Company of New York, the other trustee and petitioner, is incorporated under the laws of the state of New York with its principal place of business in New York City. On the date of the assessment of the disputed tax said trust company had no place of business in Rhode Island. However, under the provisions of G. L. 1938, chap. 133, §10, as amended, it had qualified to act as an executor and trustee in this state by appointing the director of business regulation its attorney for service of process upon it in such fiduciary capacities.

The tax involved is an assessment of $720 made by the city of Newport on June 15, 1948 in the name of Paul A. Grand d'Hauteville estate, Guaranty Trust Company of New York and J. Seymour Montgomery, Jr., trustees, on intangible personal property valued at $180,000. The intangible personal property assessed by the respondents consisted of property listed by petitioners in their account as "securities and cash receivable by the trustees from the estate of Frederick S. Grand d'Hauteville, now held in Boston by the trustees of said estate, in the sum of $180,000.00." The evidence showed that such securities and cash were located outside the state of Rhode Island at the time of the assessment.

The decedent Paul Grand d'Hauteville by his will exercised a power of appointment given to him under his father's will and thereby gave two fifths of the residue of

his estate outright to his son and the remaining three fifths in trust to his widow, Edith Kane Grand d'Hauteville, with remainders over. The trial justice found that Edith Kane Grand d'Hauteville at the time of the disputed assessment was a legal resident of the city of Newport. The evidence fully supports such finding.

Respondents concede that all proper steps have been taken by petitioners to obtain the relief which they seek. The only question before us therefore is whether the assessment is illegal, all other claims having been specifically waived by petitioners. That question involves the validity of a tax on intangible personal property assessed against nonresident trustees under the will of a resident decedent where the beneficiary for life is a resident of Rhode Island and the securities and cash are at the time of assessment outside this state. The answer thereto is controlled by G. L. 1938, chap. 30, §9, subdiv. fifth, as amended by P. L. 1948, chap. 2132, which reads as follows:

> "Intangible personal property held in trust by any executor, administrator, or trustee, whether under an express or implied trust, the income of which is to be paid to any other person, shall be taxed to such executor, administrator, or trustee in the town where such other person resides; but if such other person resides out of the state, then in the town where the executor, administrator, or trustee resides; and if there be more than one such executor, administrator, or trustee, then in equal proportions to each of such executors, administrators, and trustees in the towns where they respectively reside; *provided, however,* that in case of intangible personal property held by a resident trustee under a trust created by deed or will of a nonresident of this state, which property or the income therefrom is liable to taxation in the state of domicile of the creator of the .trust and which property is not employed in carrying on any business within this state or has not acquired a business situs within this state, no city or town shall assess a tax to such trustee upon such property."

Respondents contend that the property in question comes clearly within the provisions of the first part of the above-quoted subdivision which provides that intangible personal property held in trust by *any* trustee the income of which is to be paid to any other person shall be taxed to such trustee in the town where such other person resides. On the other hand petitioners contend that the statute under consideration does not authorize the assessment of such a tax against a nonresident trustee as here. They further contend that, if it be held by this court that chapter 2132 authorizes the assessment in dispute, said chapter is unconstitutional and in violation of certain specified provisions of the federal and state constitutions.

We are confronted first with the question whether chap. 2132 of P. L. 1948 is applicable to the facts in the instant case. In support of their contention that it does not apply, petitioners cite *Anthony* v. *Caswell*, 15 R. I. 159, which construed a statute similar to the one here involved and held that a nonresident trustee, who holds as trustee no property in Rhode Island, is not liable to taxation in the town where his *cestui* resides in this state. That case, however, is not on all fours with the instant one and may be clearly distinguished on the facts. In the *Caswell* case there was no foreign corporate trustee involved but only a single individual trustee, who was a resident of the state of New York. So far as the petitioner Montgomery is concerned, we are of the opinion that the law as laid down in the *Caswell* case is applicable and binding upon us and that the tax assessed against him as trustee is illegal.

We reach a different conclusion, however, with reference to the Guaranty Trust Company of New York, the corporate trustee. Under our statute, G. L. 1938, chap. 133, §10, as amended, no bank, trust company, or corporation not organized under the laws of this state may exercise within this state any of the powers conferred upon banks or trust companies by the laws of this state, except that a trust company organized under the laws of and carrying on

business in another state may act as trustee under any written instrument in which it is so named or may be appointed as trustee of any trust by a court of competent jurisdiction of this state, *if* trust companies of this state are permitted to act as trustees, under similar conditions, in the state where such foreign trust company is located.

This statute further provides that when such foreign trust company is appointed as trustee under the provisions thereof, as in the instant case, such trustee shall execute, and file in the office of the director of business regulation, a written instrument appointing the director of business regulation in his official capacity its attorney for service of process upon it in any legal proceeding relating to its conduct as such trustee, with the same effect as if it were located in this state and had been lawfully served with process therein.

We are of the opinion that, when the Guaranty Trust Company of New York accepted such appointment as trustee and qualified to act in such capacity by appointing the director of business regulation its attorney in this state for the service of process, it thereby constructively acquired for purposes of the taxation of such trust estate an *official* residence in Rhode Island.

In construing chapter 2132 and seeking to ascertain the intent of the legislature, we must bear in mind that if the petitioner Guaranty Trust Company of New York was a trust company incorporated under the laws of this state, the intangible personal property of the estate here involved unquestionably would be subject to taxation in Rhode Island in the name of the trustee. It is hardly conceivable that the legislature deliberately intended to grant to foreign corporations an absolute immunity from taxation of intangible personalty held by them as trustees of a Rhode Island estate, or to confer upon them greater powers, rights, or benefits than those accorded to trust companies of this state acting in the same capacity. The clear presumption is that the legislature intended that *all* corporate trustees, whether

foreign or domestic, acting as such under a Rhode Island will, should be subject alike to the same liabilities and obligations imposed upon trustees under the provisions of chapter 2132.

Thus in the instant case the acquisition by the corporate trustee of an *official* residence here gives to this state such power and sovereignty over it as trustee that it becomes amenable to the laws of this state and to the orders of its courts. Likewise that corporate trustee by virtue of such *official* residence becomes entitled to all the benefits and protection as trustee that properly could be accorded to any resident corporate trustee. In our judgment this test, when applied to the constitutionality of our taxing statute, is satisfied by the facts shown.

In *Greenough* v. *Tax Assessors*, 71 R. I. 477, affirmed 331 U. S. 486, where *one* of *two* individual trustees was a resident of Rhode Island, it was held that a tax assessed against the resident trustee on one half of the total value of the intangible personalty held by the *two* individual trustees was properly assessable against the resident trustee under the provisions of G. L. 1938, chap. 30, §9, subdiv. fifth.

In the circumstances, applying the rule laid down in the *Greenough* case and in accordance with G. L. 1938, chap. 30, §9, subdiv. fifth, as amended by P. L. 1948, chap. 2132, we are of the opinion that one half of the tax here in question was properly assessable upon the intangible personal property of the trust, because the Guaranty Trust Company of New York, as trustee under the will of Paul Grand d'Hauteville, a Rhode Island resident, has constructively an *official* residence in the state of Rhode Island.

The respondents' exception is sustained, the decision is reversed in part, and on January 10, 1951 the petitioners may appear before this court and show cause, if any they have, why the case should not be remitted to the superior court with direction to enter judgment for the petitioners for one half of the tax assessed upon the intangible personal property of the trust estate, with legal interest and costs.

*Swan, Keeney & Smith, Frederick W. O'Connell, Frank H. Swan, Jr.,* for petitioners.

*Harry Feigelman,* special counsel, *Alexander G. Teitz,* city solicitor, for respondents.