253 A.2d 598.

STANLEY C. BODELL *et al. vs.* LOUIS T. COTE, *Providence City Assessor.* ·

MAY 26, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. These 23 civil actions were brought in the superior court pursuant to G. L. 1956, §§44-5-26 through

44-5-31 inclusive, as amended, to recover a portion of a tax paid to the city of Providence by the plaintiffs under protest on the ground that the assessments were in part illegal and unconstitutional. The cases were heard on cross-motions for summary judgments and the defendant now appeals from rulings denying his and granting the plaintiffs' motions. The several appeals were consolidated, and were briefed and argued together.

Before us, the death of defendant, Louis T. Cote, was suggested on the record, and James G. Dolan, acting assessor, was substituted in his place as a party defendant. In addition, defendant, in substance, withdrew his appeals in 19 of the 23 cases, and as to them agreed that the judgments below should be affirmed.

Because the remaining four cases arise out of substantially similar factual backgrounds and involve identical questions of law, we discuss only one case. What we say with respect to it, however, applies with like force and effect to the other three cases.

In June of 1933 the settlor, now deceased, created an inter vivos trust. At all material times the corpus of that trust consisted of intangible personal property, the designated primary beneficiary resided in Providence, one of the two named trustees was a resident of Providence, and the other trustee a resident of Massachusetts. The defendant, as of December 31, 1966, valued the intangibles then held in trust at $798,800 and assessed a tax of $3,195.20 against plaintiffs as co-trustees. The plaintiffs paid that tax under protest and then brought this action for a refund of whatever part of the sums paid were based upon an assessment against more than one-half of the value of the trust estate. Both parties moved for summary judgment, plaintiffs' motion was granted, defendant's motion was denied and defendant appealed.

The plaintiffs concede that intangible property held by

them in trust was liable to taxation by defendant under §44-3-1,[1] but they argue that under §44-4-13,[2] as amended, any assessment should have been apportioned between them based upon their respective residences. They concede also that the residence of one of them in Providence furnished a legitimate basis for some community in this state to tax one-half of the value of the intangibles held in trust, but they argue that the residence of the other in Massachusetts denied any community in this state the right to tax the remaining one-half of the trust estate. Their position is based upon their reading of the relevant statutory provisions as well as upon two principles of taxation which are generally applied unless the controlling statute otherwise provides. The first principle is that, irrespective of the residence of trust beneficiaries, the tax situs of intangibles held in trust is the residence of their legal owners —the trustees. 2 Cooley, *Taxation* (4th ed.) §469, pp. 1048-1049; the second, applicable whenever there are two or more trustees, some of whom reside in one state and some in another, is that any assessment against the intangibles held in the trust should be apportioned among them according to their relative number in the taxing state. 2 Cooley, *supra,* §470, pp. 1052-1053.

---

[1]Section 44-3-1 reads: "All real property in the state, and all personal property belonging to the inhabitants thereof, whether individuals, co-partnerships, or corporations, and all tangible personal property located in the state belonging to nonresidents, shall be liable to taxation unless otherwise specially provided."

[2]Section 44-4-13, as amended, in pertinent part reads: "Intangible personal property held in trust by any executor, administrator, or trustee, whether under an express or implied trust, the income of which is to be paid to any other person, shall be taxed to such executor, administrator, or trustee in the town where such other person resides; but if such other person resides out of the state, then in the town where the executor, administrator, or trustee resides; and if there be more than one (1) such executor, administrator, or trustee, then in equal proportions to each of such executors, administrators, and trustees in the towns where they respectively reside * * *."

The defendant agrees with these general principles, but only to a limited extent, and, he argues that a distribution of trust income to a resident beneficiary causes a trust estate's taxable situs to shift from the municipality where the trustee resides to that where the beneficiary resides. And in a case where only a portion of the trust income has been distributed, he accommodates his theory to the general rules and argues that the municipality where the distributee resides can tax the portion of the trust estate which produced the distributable income, and that the municipality where the trustee resides can tax the remainder. In this case there are two trustees, one of whom resides in Providence and the other in Massachusetts. Acting under a trust provision which gave them discretionary power either to distribute or accumulate income, they elected to pay a portion of the income to the Providence beneficiary. The defendant's position on these facts is that Providence, based upon the beneficiary's residence, properly taxed such portion of the trust's intangibles as the amount of income distributed bore to the total trust income; and that Providence, based upon the residence therein of one of the two trustees, was within its rights in taxing one-half of the remainder of the trust property. Implicit in defendant's position, of course, is the admission that there was some portion of the trust assets which were beyond his authority to tax.

The defendant relies entirely on *Greene* v. *Mumford,* 4 R. I. 313, for his theory. Although that case was decided in 1856, the controlling statutes then and since have read substantially as they do now. The pertinent facts were that the trustees, all Providence residents, distributed a portion of the income derived from a trust consisting of intangibles and accumulated the balance, and the court decided that the trustees were liable to be assessed in Warwick for that portion of the trust estate out of which issued

the income payable to the Warwick beneficiaries; in Providence for that portion of the trust estate out of which payment of income was made to the Providence beneficiaries; and in Providence, where the trustees resided, for that portion of the fund which was accumulating income awaiting direction as to how it should be distributed. In upholding the validity of the assessment by the towns where the trust beneficiaries resided against those portions of the trust estate out of which income issued, the court relied on Public Laws of Rhode Island, 1853-1855, sec. 15, p. 1162, (now §44-4-13, as amended) which, where pertinent, provided that " * * * personal property held in trust by any * * * trustee, the income of which is to be paid to any other person, shall be assessed against the * * * trustee in the town [in this state] where such other person resides * * *" and in sustaining the tax by the town where the trustee resided against that portion of the trust estate which, by direction of the will, was to remain and accumulate in the hands of the trustee, the court turned to Public Laws of Rhode Island, 1853-55, sec. 8, p. 1161, (now §44-3-1) which, as it then read in pertinent part, provided that "* * * all ratable personal property [shall be taxed] in the town where the owner may have his residence at the time the tax is ordered; except where otherwise specially provided."

While *Greene* appears, at least superficially, to lend some support to defendant's position, it is distinguishable because there all of the trustees resided in this state whereas in this case one trustee is a resident and the other a non-resident of this state. That difference was held to be significant and all important in *Montgomery* v. *Virgadamo*, 77 R. I. 483, 77 A.2d 527, and *Anthony* v. *Caswell*, 15 R. I. 159, 1 A. 290. Both of these cases gave unqualified acceptance to the holding that the taxing statutes provided that a resident trustee of intangible personal property, out of which income was paid to a resident of this state, was tax-

able for the trust property by the community in which the distributee resided. They went further, however, and in *Anthony* it was decided that a trust estate was not taxable in this state, even though the beneficiary resided here, if the trustee was a nonresident; and in *Montgomery*, where, as in this case, there was a resident beneficiary and two trustees, only one of whom was considered to be a resident of this state, it was held that only one-half of the trust assets were assessable in this state.

The defendant does not take issue with either *Anthony* or *Montgomery*, but argues instead that no income was distributed to a resident beneficiary in either case and that they therefore are not controlling here where there was an income distribution. The court's rationale in those cases makes it quite apparent, however, that they turned, not on whether a resident beneficiary received any income, but on whether the trust assets were susceptible to taxation under what is now chapter 3 of title 44, and if so, to whom and at what place they were liable to be taxed under what is now chapter 4 of title 44. The former chapter, they said, at least implicitly furnished the authority for the assessment of a tax; the latter, the directions for determining the location at which and the person to whom the property shall be taxed. Any doubt that those are the functions of the two chapters is dispelled in *Edwards* v. *Cardarelli,* 65 R. I. 236, 14 A.2d 693, where it is made abundantly clear that the two chapters are integral parts of a general scheme of taxation and that they must therefore be read together; that the one specifies what property is liable to taxation; and that the purpose of the other, speaking generally, "* * * is to designate the place where and the person to whom taxable property of the inhabitants of this state should be taxed, so that no conflict might arise between cities or towns in exercising the power to tax the property

made liable to taxation in chap. 58, section 1 [now §44-3-1]."

Our approach, then, is functional and we look first to §44-3-1 where we find that the intangible personal property here held in trust became susceptible to taxation only because, under the doctrine of *mobilia sequuntur personam,* one of the two trustees to whom it belonged was an inhabitant of this state. Having determined taxability, we look next to §44-4-13, as amended, for direction as to where and to whom and to what extent it should be taxed. That section, as construed in *Anthony* and *Montgomery,* declares that only the one-half of the fund allocable to the resident trustee may be taxed by some community in this state; and it also declares that Providence, the city where both that trustee and the income distributee reside, may legally tax that one-half.

The defendant's appeal in each case is denied and dismissed, and the judgments appealed from are affirmed.

*Edwards & Angell, Edward F. Hindle, Richard M. Borod,* for plaintiffs.

*Robert J. McOsker,* City Solicitor, *Vincent J. Piccirilli,* Assistant City Solicitor, for defendant.