RHODE ISLAND STATE POLICE
LODGE NO. 25 et al.

v.

STATE of Rhode Island.

No. 83–301–M.P.

Supreme Court of Rhode Island.

Dec. 21, 1984.

Thomas E. Hefner, Providence, for petitioner/plaintiff.

Daniel K. Kinder, Thomas J. McAndrew, Powers & McAndrew, Providence, for respondent/defendant.

## OPINION

BEVILACQUA, Chief Justice.

This case is before the court on a petition for certiorari, seeking review of a judgment of the Superior Court denying the petitioner's motion to dismiss the State of Rhode Island's complaint and motion to vacate an arbitration award.

The petitioner, Rhode Island State Police Lodge No. 25 (hereinafter, the union) and respondent (hereinafter, the state) entered into collective-bargaining negotiations in the spring of 1982. The parties, unable to reach an agreement on a contract, submitted all unresolved matters to arbitration pursuant to the terms of the State Police Arbitration Act, G.L. 1956 (1979 Reenactment) Chapter 9.5 of title 28, as enacted by P.L. 1979, ch. 311, § 1.

On March 4, 1983, the arbitration panel rendered its "Decision and Award." The state made a timely objection to the award by filing a complaint and a motion to vacate the arbitration award. In response, the union filed a motion to dismiss the state's complaint. It contended that the Superior Court lacked jurisdiction to consider the matter and that a writ of certiorari to the Supreme Court was the exclusive avenue for review of an arbitration decision. The trial justice, however, found that it was not the intent of the Legislature to provide a sole route of review by writ of certiorari to the Supreme Court; rather, the trial justice found that the Rhode Island Arbitration Act, G.L. 1956 (1969 Reenactment) chapter 3 of title 10, provided a basis for exercise of Superior Court jurisdiction to review awards pursuant to the State Police Arbitration Act.

The only issue before this court is whether the Superior Court has jurisdiction to review an arbitration decision and award under the Rhode Island State Police Arbitration Act.

The union contends that the Supreme Court is the only forum for review, relying upon § 28-9.5-14, which provides:

"In the event (of) a decision of the arbitration panel is sought to be reviewed by writ of certiorari to the [S]upreme [C]ourt then said matter shall be given priority by the [S]upreme [C]ourt."

The state, however, relying upon § 28-9.-5-15,[1] argues that the Legislature contem-

---

1. General Laws (1956 Reenactment) § 28-9.5-15 provides in part:
   "In the event either the bargaining agent or the [state authorities] shall appeal or petition to any court, tribunal or forum of competent jurisdiction within the State of Rhode Island for a review or modification of a majority decision of the arbitrators, which by the provisions of [28-9.5-9] is binding upon both the bargaining agent and the [state authorities], the party against whom the final decision of any such court, tribunal or forum of competent jurisdiction shall be adverse, if such court, tribunal or forum finds such appeal or

plated a forum other than the Supreme Court to review decisions and awards pursuant to the State Police Arbitration Act.

■ It is well established that the Superior Court is a creature of statute, and its jurisdiction is defined by statute. *Pratt v. Woolley*, 117 R.I. 154, 365 A.2d 424 (1976); *Boss v. Sprague*, 53 R.I. 1, 162 A. 710 (1932). We therefore must look to the statute to determine which forum has jurisdiction to review arbitration decisions and awards pursuant to the State Police Arbitration Act.

■ We are of the opinion that the union's reliance upon § 28–9.5–14 is misplaced. The language therein speaks of priority upon review, not exclusive review as asserted by the union. In construing a statute, we must give words their plain and ordinary meaning, *Fiske v. MacGregor, Division of Brunswick*, R.I., 464 A.2d 719, 726 (1983). The language in this section of the statute establishes no basis for review. It simply states that in the event of Supreme Court review, the arbitration case will receive priority.

It should be noted the language of § 28–9.5–15, provides that "in the event either the bargaining agent or the [state authorities] shall appeal or petition to any court, tribunal or forum of competent jurisdiction within the state of Rhode Island for review or modification of a majority decision of the arbitrators * * *." Reference to this section of the act refutes the proposition that the Legislature considered the Supreme Court to be the exclusive court of review.

This language standing alone, however, is ambiguous. Although it negates the inference of exclusive Supreme Court review, it does not explicitly state that the Superior Court is the proper forum.

■ Where we find that the language of the statute is ambiguous, we must determine the intent of the Legislature. In order to accomplish this task, we must apply the often-recited rules of statutory construction. We have repeatedly stated that we must assume that the Legislature intended that statutes relating to the same subject matter be construed together to be consistent and to effectuate the policy of the law. *Herald Press, Inc. v. Norberg*, 122 R.I. 264, 405 A.2d 1171 (1979); *Edwards v. Cardarelli*, 65 R.I. 236, 14 A.2d 693 (1940). Moreover, statutes in pari materia should be considered together in order that they may be in harmony with each other and consistent with their general scope and purpose. *Herald Press, Inc. v. Norberg*, 122 R.I. 264, 405 A.2d 1171 (1979).

■ Applying these long-established principles of statutory construction to the instant case, we must look to both the Rhode Island Arbitration Act and the State Police Arbitration Act to ascertain the Legislature's intent.[2] Reading the acts together, we are of the opinion that in order to effectuate and carry out the policy of the law pertaining to collective bargaining and arbitration of labor disputes, the Legislature intended that the method for review contained in § 28–9–14 be followed.[3] We

petition to be frivolous shall pay reasonable attorneys' fees and costs to the successful party as determined by said court, tribunal or forum of competent jurisdiction and such court, tribunal or forum of competent jurisdiction shall in its final decision or judgment therein award such costs and reasonable attorneys' fees * * *."

2. The union's reliance upon *Industrial Trades Union of America v. Dunn Worsted Mills*, 131 F.Supp. 945 (D.R.I.1955) that Rhode Island Arbitration Act does not apply to collective-bargaining contracts between employers and employees

is completely without merit. The language relied upon was deleted. G.L. 1956 (1969 Reenactment) § 10–3–2, as amended by P.L. 1976, ch. 342, § 1. It has been a long-established rule of statutory construction that in situations in which a specific exception is subsequently deleted by amendment, a presumption is created that the statute now applies to the formerly exempted area. 1A Sunderland, *Statutes and Statutory Construction* § 22.30 at 178–79 (4th ed. Sands 1972).

3. This section specifically confers jurisdiction upon the Superior Court to review a labor-arbi-

therefore conclude that the Superior Court is the proper forum.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

Justice Kelleher, dissenting. Courts have consistently recognized a distinction between "interest" and "greivance" arbitration. Interest arbitration concerns arbitration to set the terms of a collective-bargaining agreement whereas grievance arbitration refers to resolution of grievances arising under an existing agreement to which, in this case, the state is a party. Here we are concerned with compulsory-interest arbitration.

With all due deference to my associates, I remain of the belief I first expressed in *City of Providence v. Local 799, International Association of Firefighters, AFL–CIO,* 111 R.I. 586, 589–90, 305 A.2d 93, 95 (1973), that in this state judicial review of an award made pursuant to the compulsory-interest arbitration provisions of legislation such as the Fire Fighters' Arbitration Act would be in this court by way of common-law certiorari. The State Police Arbitration Act and the Policemen's Arbitration Act, in their pertinent portions, are carbon copies of the firefighters' act.

The provision for attorneys' fees, costs, and interest was first enacted for firefighters and policemen at the General Assembly's January 1976 session. *See* P.L. 1976, ch. 74 and ch. 75. The State Police union followed suit in 1979 with the enactment of what is now G.L. 1956 (1979 Reenactment) § 28–9.5–15. The purpose of all three statutes, in my opinion, was to require the payment of interest, costs, and attorneys' fees after a finding that the appeal by the municipality or the union was "frivolous," rather than the conferring of appellate jurisdiction upon the Superior Court.

Finally, I cannot subscribe to the majority's reliance on the Rhode Island Arbitration Act, G.L. 1956 (1979 Reenactment) chapter 9 of title 28, because its provision for the enforcement of claims calling for arbitration between an employer and a union deals with grievance arbitration rather than interest arbitration. Here, the litigants are involved in interest arbitration that is compelled by statute and whose result is "binding upon both the bargaining agent and the state authorities." Thus, I would vote to issue the writ and quash the decision of the Superior Court.

tration proceeding such as that which is the subject of this petition for certiorari.