STATE of Rhode Island

v.

RHODE ISLAND STATE POLICE
LODGE NO. 25 et al.

No. 87–37–A.

Supreme Court of Rhode Island.

June 28, 1988.

Thomas J. McAndrew, Coffey, Mc-Govern, Noel & Neal Ltd., Providence, for the State.

Thomas E. Hefner, Fogarty & Hefner, Greenville, for Rhode Island State Police et al.

## OPINION

WEISBERGER, Justice.

This case comes before us on the state's appeal from a judgment entered in the Superior Court confirming an arbitration award made by a panel that had been convened pursuant to the State Police Arbitration Act, G.L. 1956 (1986 Reenactment) chapter 9.5 of title 28. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

Rhode Island State Police Lodge No. 25, Fraternal Order of Police (union), is a duly recognized labor organization that represents all members of the Rhode Island State Police with the rank of sergeant and below for the purpose of collective bargaining. During the spring of 1982 the union and representatives of the State of Rhode Island entered into collective-bargaining negotiations for the purpose of arriving at a contract between the parties that would have become effective May 1, 1982. These negotiations failed to culminate in an agreement, and as a consequence a number of unresolved issues were submitted to arbitration in accordance with the provisions of §§ 28–9.5–7 and –8. A panel of three arbitrators was selected, and hearings were conducted in accordance with §§ 28–9.5–9 and –10. As a result of these hearings, a decision and award was issued March 4, 1983. Thereafter, the state filed motions to vacate and stay the arbitration award, and after numerous cross-motions filed by the parties, including a petition for certiorari filed in this court, it was determined that the Superior Court had jurisdiction to review this arbitration award pursuant to G.L. 1956 (1986 Reenactment) § 28–9–14.

Subsequently, on July 1, 1986, a justice of the Superior Court denied the state's motion to vacate the arbitration award and granted the motion of the union to confirm. Ultimately a judgment was entered consistent with these rulings, and the state filed a timely notice of appeal. The state now challenges only two elements decided by the arbitration panel out of a total number of eleven sections in the award. The state raises several issues in support of its appeal. These issues will be dealt with in the order raised in the state's brief. Further facts will be supplied as necessary to the determination of the questions raised.

I

The state argues that the Superior Court erred in failing to review the panel's decision and award under standards set forth in the Administrative Procedures Act, G.L. 1956 (1984 Reenactment) § 42–35–15. This contention is so lacking in merit as not to be worthy of extended discussion.

◼ It appears clear beyond any doubt that this arbitration panel was convened and its hearings were to be governed by the State Police Arbitration Act. This court has already held, in a dispute between the parties relating to this arbitration award in *Rhode Island State Police Lodge No. 25 v. State*, 485 A.2d 1245 (R.I. 1984), that the Superior Court had jurisdiction to review the decision of the arbitration panel pursuant to § 28–9–14. Obviously the standards contained in the latter statute were appropriately observed in this case and not those contained in § 42–35–15. The provisions of § 28–9–18 set forth the grounds for vacating an arbitration award:

"(a) In any of the following cases, the court must make an order vacating the award, upon the application of any party to the controversy which was arbitrated:

(1) When the award was procured by fraud.

(2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award upon the subject matter submitted was not made.

(3) If there was no valid submission or contract, and the objection has been raised under the conditions set forth in § 28–9–13.

"(b) A motion to vacate, modify or correct an arbitrator's award shall not be entertained by the court unless the award is first implemented by the party seeking its vacation, modification or correction; provided, however, the court, upon sufficient cause shown, may order

the stay of the award or any part thereof upon circumstances and conditions which it may prescribe.

"(c) If the motion to vacate, modify or correct an arbitrator's award is denied, the moving party shall pay the costs and reasonable attorneys' fees of the prevailing party."

Clearly these grounds differ greatly from the provisions of § 42–35–15, which are totally irrelevant to this proceeding. As a consequence, the trial justice did not err in declining to apply the provisions of the Administrative Procedures Act to this controversy.

## II

■ The state argues that the absence of a stenographic record of the arbitration hearing requires the vacating of the arbitration award. This contention was based in part upon the erroneous assumption that the Administrative Procedures Act was controlling in this arbitration proceeding. We have already decided that the State Police Arbitration Act was controlling, and it is very clear that § 28–9.5–9 provides in part that "[t]he hearing shall be informal and the rules of evidence prevailing in judicial proceedings shall not be binding." Moreover, it appears to be undisputed that the state participated in these arbitration proceedings without providing for the presence of a stenographer or without asking the panel for permission to do so.

The state seems to rely to some extent upon the fact that the chairman of the panel had maintained a tape recording of the proceeding but had erased it prior to the state's making a request to listen to it or make a copy thereof. Since there was no obligation on the part of the chairman of the panel to maintain a tape recording, he could not be charged with erroneous conduct by virtue of having failed to preserve its existence for later use by the state.

It seems almost bizarre that the state, having made no effort to tape or to record these proceedings stenographically, should now be critical of the chairman of the panel for having unknowingly failed to carry out a function that was the responsibility of the state itself if it desired such a record.

## III

■ The state argues that by awarding health-care benefits to retirees, the panel violated article IV, section 14, of the Rhode Island Constitution, which at the time of this award required the assent of two-thirds of the members of each House of the General Assembly to every bill appropriating public money for local or private purposes.[1] This argument is totally unpersuasive. There is no question that the maintenance of a state police force is a governmental function that is carried out for the paramount public purpose of providing for the safety of the citizens of this state. Obviously the members of such a police force must be paid, and benefits incident to employment must be provided. To suggest that the provisions for such payment and benefits are made for a private purpose is wholly without merit.

■ The state also argues that the award of the panel discriminates on the basis of age, since the provision of health-care benefits would terminate at age sixty-five. We are equally unpersuaded by this argument, which fails to take into account the reality that by virtue of the federal medicare statutes, persons who reach the age of sixty-five become eligible for federal health-care-insurance coverage. The termination of state-paid coverage at this point in time was not in any way discriminatory, but was designed to bring about an end to the state's health-care obligation when it became no longer necessary. The same award also provided that the state's obligation should end if and when "the retiree or his spouse receives the equivalent or better health care coverage from another employer." Both of these provisions were designed to avoid so-called "double-dipping" or continuing the state's obligation

---

1. References are to the prior Constitution of Rhode Island which was in effect at all times pertinent to this controversy. The corresponding provisions of the present Constitution are article VI, section 11.

alternate benefits became available. The language of this addition to the contract simply reflected careful and thoughtful consideration given by the panel to all aspects of the factors underlying the resolution of this dispute. The Superior Court did not err in rejecting the state's arguments.

## IV

The state argues that the arbitration panel exceeded its powers in providing retirement benefits for the union members in alleged violation of G.L. 1956 (1984 Reenactment) § 36–11–12, which generally provides that matters relating to the employees' retirement system are excluded as negotiable items in the collective-bargaining process. The short answer to this contention is that members of the State Police are not and never have been members of the state employees' retirement system. Section 36–9–5, as amended by P.L. 1985, ch. 458, § 3, exempts certain officers and employees from the retirement system established by chapter 9 of title 36. Included in the exempt group are "members of the Rhode Island [S]tate [P]olice." It is true that retired members of the State Police may become members of the retirement system if they are employed after retirement pursuant to the terms of § 36–9–3. This condition or qualification would not affect the negotiations that culminated in the award of the arbitration panel now under challenge. Consequently this arbitration panel was not inhibited by the provisions of § 36–11–12 from considering enhancements of the retirement benefits of members of the State Police union.

## V

The state argues that the arbitration panel exceeded its authority even under the State Police Arbitration Act when it ordered a change in retirement benefits and awarded health-care benefits to union members to take effect upon retirement. This argument also is without merit. This court has repeatedly stated that the review by the Superior Court and this court of arbitration awards is extremely limited.

*Jacinto v. Egan*, 120 R.I. 907, 391 A.2d 1173 (1978); *Belanger v. Matteson*, 115 R.I. 332, 346 A.2d 124 (1975). It is true that the foregoing cases dealt with grievance arbitration as opposed to interest arbitration and therefore may not be entirely controlling upon the extent of review or the nature of review of such proceedings. *See Rhode Island State Police Lodge No. 25*, 485 A.2d at 1248 (Kelleher, J., dissenting). However, this court did decide in that same case that the standard of review for interest arbitration awards would be that set forth in § 28–9–14. Applying this standard, we must determine whether the Superior Court erred as a matter of law in upholding the two challenged elements of the award.

The first challenged element was the granting of health-care benefits to certain members of the union upon their retirement. This award was applicable to those individuals who were members of the union as of May 1, 1982, and thereafter. In making this award to retirees, the panel carefully considered the results of a national survey and particularly paid health-care benefits given to state police retirees by the States of Massachusetts, Connecticut, Maine, Vermont, and New Hampshire. The panel also considered the fact that six of Rhode Island's eight cities provided this type of coverage for retired police personnel. In taking into account this type of information, as well as the nature and hazards of the employment of State Police officers, the panel was following carefully the guidelines contained in § 28–9.5–10.

The second challenged element was the extension of overtime credits for the purpose of pension computation. In substance the panel changed the period used in such computation from the last three years of a uniformed member's service to the last five years of a uniformed member's service. It is notable that the union had proposed extending this period to the last seven years of service. Again the panel carefully considered all the factors that were appropriate to apply. The panel took into account that less overtime was available because of an austerity program and consolidation of barracks. As a result of these circum-

stances most members of the bargaining unit would find it difficult to work the maximum 320 hours of overtime that could be credited toward retirement during the last three-year period of employment. Consequently the panel was of the opinion that the stated intent of article 13.3 of the agreement (which governed this subject matter) was "being defeated by the recent reduction in available overtime work."

There seems no doubt that these questions were duly submitted for purposes of interest arbitration as unresolved issues upon which the parties had failed to reach an agreement. An examination of the record indicates clearly that the panel did not exceed its powers in rendering an award that resolved these issues. There is no question that the panel considered carefully all the evidence presented on each side and came to a rational and thoughtful determination of the questions submitted. We see no basis upon which either the Superior Court or this court could properly vacate such an award.

For the reasons stated, the appeal of the state is denied and dismissed. The judgment of the Superior Court confirming the award and providing for attorney's fees and costs is hereby affirmed. The papers in the case may be remanded to the Superior Court.